STATE of Missouri ex rel. Christopher W. HEBERLIE, Relator,

v.

The Honorable Sandra MARTINEZ, Judge of the Circuit Court of St. Francois County, Missouri, Respondent.

No. ED 83937.

Missouri Court of Appeals, Eastern District, Writ Division Six.

Feb. 24, 2004.

Timothy W. Inman, Ste. Genevieve, MO, for appellant.

Carl Dietrich Kinsky, Ste. Genevieve, MO, for relator.

BOOKER T. SHAW, Presiding Judge.

On December 30, 2003, Christopher W. Heberlie ("Relator") filed a petition for writ of prohibition ("Petition") to prohibit the Honorable Sandra Martinez ("Respondent") from conducting a probation revocation hearing scheduled for January 6, 2004 in the underlying case, Cause No. CR994–11FX. Relator asserts that the trial court does not have jurisdiction to revoke his probation. A preliminary order was issued on December 31, 2003, wherein Respondent was ordered to refrain from all action in the case, and was directed to file an answer to the Petition on or before January 12, 2004. Respondent failed to file an answer, and is therefore, in default. We now make permanent our preliminary order in prohibition.

On March 1, 1994, Relator entered a plea of guilty to the offenses of Burglary in the Second Degree, Section 569.170, RSMo 1986, and Stealing, Section 570.030, RSMo 1986. He was granted a suspended imposition of sentence, and initially placed on a five-year period of probation to begin on April 5, 1994. This period of probation was revoked by the trial court on April 1, 1997. At that time, the trial court sentenced Relator to two consecutive five-year terms of imprisonment, but suspended execution of those sentences, and placed him on a second five-year period of probation. Thereafter, on February 2, 1999, the trial court revoked this second period of probation and ordered that his prison sentence be served pursuant to Section 217.362, RSMo 2000, for long-term drug treatment.

Subsequently, on August 6, 2001, Respondent ordered that Relator be placed on a third period of probation "for such period of time as required by statute." On March 5, 2002, Respondent revoked Relator's third period of probation and placed him on a "new," fourth five-year period of probation. Then, on June 10, 2003, Respondent suspended this fourth period of probation, and scheduled a probation revocation hearing. On November 3, 2003, Relator filed a motion to be discharged from probation, which was denied on December 2, 2003. Relator then filed this Petition.

Pursuant to Section 559.036.3, RSMo 2000, "[t]he trial court may, upon revocation of probation, place an offender on a second term of probation." Here, however, on March 5, 2002, Respondent placed Relator on a fourth term of probation in violation of Section 559.036.3, RSMo 2000. Thus, such order of probation was executed without authority to do so, and as a result, Respondent had no jurisdiction to adjudicate the alleged violation of this order. *See State ex rel. Moyer v. Calhoun,* 22 S.W.3d 250, (Mo.App. E.D.2000).

Accordingly, we make permanent the preliminary order in prohibition issued on December 31, 2003, and direct Respondent to enter an order discharging Relator from probation.

LAWRENCE E. MOONEY, J. and MARY K. HOFF, J., concur.