**STATE of Missouri, ex rel., Joshua A. BREEDING, Relator,**

v.

**Honorable William Camm SEAY, Respondent.**

**No. 28696.**

Missouri Court of Appeals, Southern District, Division Two.

Feb. 8, 2008.

---

Chad T. Picker, Rolla, for Relator.

Jessica Sparks, Salem, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Joshua A. Breeding ("Relator") filed a petition for writ of prohibition to prevent the Honorable William Camm Seay ("Respondent") from proceeding with a probation revocation hearing set for August 3, 2007. This Court previously granted its preliminary order in prohibition, which we now make absolute.

The record reveals that on August 18, 2003, Relator pled guilty to the Class C felony of stealing. On this same date the trial court suspended the imposition of sentence and placed Relator on three years of supervised probation. As a condition of probation, Relator was ordered to pay restitution.

Almost two years later, on July 15, 2005, a motion for revocation of probation was filed against Relator for his failure to

make restitution payments.[1]  A revocation hearing was set for September 12, 2005. At that time Relator appeared with counsel and the matter was re-scheduled "[b]y agreement" for a hearing on December 8, 2005.

On December 8, 2005, Relator and his counsel again appeared and the matter was re-scheduled for February 14, 2006, "[a]t request of [the] State . . . there being no objections."  On February 14, 2006, the parties once more appeared and Relator was "ordered to re-appear on April 13, 2006 . . . to review payments on restitution."  On April 13, 2006, Relator "appear[ed] in person *pro se* " and the matter was "passed to June 2, 2006, . . . to review costs."  (Emphasis added).  Then the record reflects that on June 2, 2006, Relator appeared in person with counsel and the matter was "passed to July 12, 2006 . . . to review payments on probation.  *Probation ordered suspended.*"  (Emphasis added).

On July 12, 2006, the docket sheet reveals Relator appeared with counsel and the matter was "passed to July 14, 2006 . . . to review payments on balance and restitution."  The docket sheet then reflects an entry dated July 13, 2006, which merely recites: "Case Review Scheduled."

In their respective briefs both parties acknowledge that Relator was charged with committing a law violation on February 16, 2006, while he was on probation.

The docket sheet also sets out that ten months later on April 12, 2007, another "Motion for Probation Revocation" was filed, presumably based on this new violation.  A revocation hearing on the original July 5, 2005, motion to revoke and the more recent April 12, 2007, motion to revoke was scheduled for May 7, 2007.  On this date the record reveals Relator was incarcerated and did not appear at the hearing.  Ultimately, the matter was re-scheduled for July 11, 2007, at which time Relator appeared and the matter was passed to August 3, 2007.  In the interim, on August 1, 2007, Relator filed a motion to be discharged from probation.  At a subsequent probation revocation hearing set for August 3, 2007, the docket sheet, in pertinent part, reflects the following:

> [Relator] appears in person with counsel. . . .  Court takes up [Relator's] Motion for Discharge [of] Probation.  Argument of counsel.  Said Motion in discharge [of] probation taken up, overruled and denied for the reason that there [is] in fact a pending Motion to Revoke, which was not overruled and denied by the Court and [Relator's] probation had been previously suspended and not reinstated by the Court, herein and remains suspended through today's date.  Judgment find[s] time of the essence.  Cause re-

1.  With regard to motions for revocation of probation, section 559.036.5 sets out that

> The prosecuting or circuit attorney may file a motion to revoke probation or at any time during the term of probation, the court may issue a notice to the probationer to appear to answer a charge of a violation, and the court may issue a warrant of arrest for the violation.  Such notice shall be personally served upon the probationer.  The warrant shall authorize the return of the probationer to the custody of the court or to any suitable detention facility designated by the court.  *Upon the filing* of the prosecutor's

or circuit attorney's *motion* or on the court's own motion, *the court may immediately enter an order suspending the period of probation* and may order a warrant for the defendant's arrest.  The probation shall remain suspended until the court rules on the prosecutor's or circuit attorney's motion, or until the court otherwise orders the probation reinstated.

(Emphasis added).  All statutory references are to RSMo Cum.Supp. (2006) unless otherwise stated.

Here, no order suspending Relator's probation was entered at that time by Respondent.

set for revocation hearing, September 10, 2007[,] at 1:00 p.m.

Relator thereafter filed his petition for a writ of prohibition on September 5, 2007.

The extraordinary remedy of a writ of prohibition is appropriate in one of three circumstances: (1) to prevent the usurpation of judicial power when the trial court lacks jurisdiction; (2) to remedy a excess of jurisdiction or an abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not made available in response to the trial court's order.

*State ex rel Proctor v. Bryson,* 100 S.W.3d 775, 776 (Mo. banc 2003). "In a prohibition proceeding the burden is on the petitioning party to show that the trial court exceeded its jurisdiction, and that burden includes overcoming the presumption of right action in favor of the trial court's ruling." *State ex rel. Dixon v. Darnold,* 939 S.W.2d 66, 69 (Mo.App.1997).

As best we can discern Relator's sole point relied on, he maintains he is entitled to an order prohibiting Respondent from holding a revocation hearing and an order discharging him from probation. Relator asserts Respondent no longer has jurisdiction to proceed with a probation revocation hearing because the State's first motion to revoke his probation was resolved on July 14, 2006, prior to the expiration of his probation by operation of law on August 18, 2006. Relator maintains Respondent lacks jurisdiction in that there was no "affirmative manifestation of an intent to conduct a revocation hearing" due to his February of 2006 arrest prior to the expiration of his original three year probationary term as required by section 559.036.6. Relator asserts neither the State nor Respondent complied with the statute in that they did not make "every reasonable effort ... to notify [him of an intent to revoke his

probation] and to conduct [a] hearing prior to the expiration of the [probationary] period." § 559.036.6.

Respondent's response to Relator's argument is not a model of clarity. Respondent argues he is entitled to an order that

Relator's probation revocation hearing is to proceed, because ... Respondent suspended Relator's probation on July 2, 2006, with a motion to revoke probation filed in 2005 pending, and Relator is alleged to have committed a new Laws violation February [1]6, 2006, as set forth in a 2007–filed motion to revoke.

Respondent also asserts that Relator's "suspension of probation has not been withdrawn, nor has Respondent ruled on State's motion to revoke." Respondent, therefore, maintains that section 559.036.6 "extends the power of the Court to revoke probation for a period beyond probation's expiration date, as reasonably necessary to adjudicate matters arising before probation's expiration." Accordingly, we interpret Respondent's argument to be that he has the requisite jurisdiction to hold a hearing on the July 5, 2005, motion to revoke as well as the April 12, 2007, motion to revoke.

"A term of probation commences on the day it is imposed." § 559.036.1. "Jurisdiction to revoke probation normally ends when the probationary period expires." *Stelljes v. State,* 72 S.W.3d 196, 200 (Mo. App.2002). Section 559.036.6 sets out that:

The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the

probationer and to conduct the hearing prior to the expiration of the period. Accordingly,

there are two requirements that a trial court must meet to retain jurisdiction to revoke probation after the probationary period expires. First, there must have been an affirmative manifestation of an intent to revoke the probationer's probation. Second, every reasonable effort must be made to notify the probationer of the intent to revoke probation and to conduct a hearing prior to the expiration of the probationary period.

*Stelljes,* 72 S.W.3d at 200.

■ In our review we note Relator maintains the State's first motion to revoke was resolved on July 14, 2006, when Relator's restitution was paid in full prior to the expiration of his probation on August 18, 2006. Respondent concedes in his brief that Relator had, in fact, made full payment on his restitution by July 14, 2006.[2] Therefore, the foregoing concession calls into question the continued necessity for Respondent's order suspending Relator's probation, since the motion was based on Relator's failure to pay his restitution, which was paid in full by July 14, 2006.[3]

■ Our high court has previously said that "no unreasonable delay should occur in affording the probationer a hearing." *State ex rel. Carlton v. Haynes,* 552 S.W.2d 710, 714 (Mo. banc 1977). It is this Court's view that Respondent acted unreasonably in waiting until May 7, 2007, to set the date for the hearing on the first motion to revoke probation which had been filed on July 5, 2005. *See Saunders,* 179 S.W.3d at 292. Based on the record before us and the briefs of the parties, we discern Respondent could have held a probation revocation hearing either on July 13, 2006, when the docket sheet indicates a "Case Review" was held or on August 14, 2006, when the matter was passed for disposition. While it was Relator's burden to show he was prejudiced by Respondent's tardiness in setting a probation revocation hearing, *Ewing v. Wyrick,* 535 S.W.2d 442, 445 (Mo. banc 1976), we determine that continuing the suspension of Relator's probation from 2005 through 2007 for purposes of holding a hearing was unduly prejudicial to Relator. This time frame is particularly offensive in light of the fact that Relator paid his restitution in full before August 18, 2006, at which time his probationary period expired by operation of law. As previously related, section 559.036.6 requires "every reasonable effort is [to be] made to ... conduct the hearing prior to the expiration of the period" of probation.

■ That having been said, we also determine, based on the record before this

---

**2.** We note that "where a statement of fact is asserted in one party's brief and conceded to be true in the adversary's brief, we may consider it as though it appears in the record." *McDonald v. Thompson,* 35 S.W.3d 906, 910–11 (Mo.App.2001).

**3.** We are aware that section 559.036.5 sets out that "probation shall remain suspended until the court rules on the ... motion, or until the court otherwise orders the probation reinstated." Nevertheless, this Court has observed that "the notion that probation can be suspended indefinitely was answered adverse-

ly to Respondent in *State ex rel. Limback v. Gum,* 895 S.W.2d 663 (Mo.App.1995)." *Saunders v. Bowersox,* 179 S.W.3d 288, 292 (Mo.App.2005). Additionally, the plain and ordinary reading of the statute suggests that the trial court is authorized to suspend the period of probation "[u]pon the filing of the ... motion or on the court's own motion ..." and not at a later time. § 559.036.5. The statute specifically states that after the motion to revoke is filed "the court *may immediately enter an order suspending* the period of probation ...." § 559.036.5 (emphasis added).

Court, that there was an insufficient "manifestation of an intent [by Respondent] to conduct a revocation hearing ..." before the expiration of Relator's probation on August 18, 2006, premised on the February of 2006 charges filed against Relator. *Stelljes,* 72 S.W.3d at 200. As previously set out, section 559.036.6 provides for the extension of the court's authority to revoke probation past the date probation expires *if* certain actions are taken prior to the expiration date. *Stelljes,* 72 S.W.3d at 200; *see State v. Roark,* 877 S.W.2d 678, 680 (Mo.App.1994). This necessarily involves "an affirmative manifestation of an intent to revoke the probationer's probation" and "every reasonable effort must be made to notify the probationer of the intent to revoke probation and to conduct a hearing prior to the expiration of the probationary period."[4] *Stelljes,* 72 S.W.3d at 200.

In this connection, we note that in *Wesbecher v. State,* 863 S.W.2d 2, 4 (Mo.App. 1993), the reviewing court addressed the merits of a postconviction claim that the trial court lacked jurisdiction to revoke the movant's probation after the probationary period had ended. The record showed the movant's probationary period terminated on June 18, 1989; the trial court began revocation proceedings on April 16, 1990; and the trial court revoked the movant's probation on June 17, 1991. *Id.* at 3–4. The reviewing court determined that because the trial court had not initiated revocation proceedings prior to June 18, 1989, the date the movant's probation ended by operation of law, "any action taken by the trial court following that date is absolutely void." *Id.* at 5.

Here, although both parties concede in their brief that Relator had been charged by the State with a new law violation on

February 16, 2006, it was not until January 17, 2007, some five months after Respondent's probation was set to expire, that a probation violation report was filed. Furthermore, according to the docket sheet, it was not until April 12, 2007, that a formal "Motion for Probation Revocation" was filed against Relator based on the February 16, 2006, charges. Accordingly, Respondent does not have jurisdiction to hold a hearing to revoke Relator's probation pursuant to section 559.036. *See Stelljes,* 72 S.W.3d at 201. Therefore, this Court's preliminary writ in prohibition is made absolute. *See Limback,* 895 S.W.2d at 665.

RAHMEYER, J., and LYNCH, C.J., concur.

---

4. An example of an affirmative manifestation to revoke a defendant's probation can be found in *Petree v. State,* 190 S.W.3d 641, 643 n. 3 (Mo.App.2006). *See also Cline,* 37 S.W.3d at 882.