STATE of Missouri ex rel. Daniel Edward WHITTENHALL, Relator,

v.

The Honorable J. Dan CONKLIN, Respondent.

No. SD 29470.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 29, 2009.

Don Trotter, Monett, MO, for Relator.

Darrell L. Moore, Matthew A. Russell, Springfield, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Daniel E. Whittenhall ("Relator") was charged, under section 570.120 RSMo Cum.Supp.1999,[1] with the class D felony of passing bad checks. On September 18, 2000, Relator entered a guilty plea before the Honorable Dan Conklin ("Respondent") and was sentenced the same day to three years in the Missouri Department of Corrections ("DOC"). The execution of the sentence was suspended based on Relator's successful completion of five years supervised probation, which included payment of restitution and court costs.

On July 1, 2005, Missouri Probation and Parole filed a field violation report with Respondent for Relator's failure to pay restitution and costs. On July 6, 2005, Respondent, on his own motion, ordered Relator's probation tolled, and the State later filed a Motion to Revoke Probation and Toll Probation Period on July 21, 2005.

Relator appeared for the Probation Violation Arraignment on July 22, 2005, and Respondent made a docket entry indicating that restitution was the issue. Respondent set the case for a Probation Violation Hearing on September 9, 2005. Relator was present for the September 9th hearing, and appeared four other times throughout 2005 and early 2006, but each time Respondent would reset the hearing. The probation remained tolled throughout each appearance of Relator and a Probation Violation Hearing did not take place.

On January 18, 2006, Respondent noted in the docket that a second field violation report was filed. In response to the second violation, the State filed a second motion to revoke probation on March 7, 2006. The State requested a hearing date of March 10, 2006, but when Relator appeared for the Probation Violation Arraignment on that date, Respondent reset the hearing for May 10, 2006. On May 10, 2006, Relator appeared and stated that restitution had been paid, but he still owed court costs. The State's motion to revoke probation was not withdrawn, nor was it ruled on by Respondent at that time. Instead, Respondent ordered reappearance for August 1, 2006.

On August 1, 2006, Respondent reset the case until November 17, 2006. Relator appeared on November 17th and requested a continuance to deal with pending criminal charges in other counties. Re-

1. All references to statutes are to RSMo 2000, unless otherwise specified.

spondent reset the Probation Violation Hearing to April 5, 2007. At the April 5th hearing, Relator failed to appear and a warrant was ordered by the Respondent. Additionally, two other field violation reports were filed against Relator, one in March 2007 and one in June 2007.

On June 27, 2007, the State filed its third motion to revoke probation. Relator still had an active warrant outstanding until his attorney made an appearance on December 3, 2007. During that appearance, the Probation Violation Hearing was reset until January 18, 2008, and Respondent noted that Relator's probation was still tolled in the docket entry.

On January 18, 2008, Relator appeared in person and the Probation Violation Hearing was reset until March 21, 2008. However, Relator's attorney requested that the Probation Violation Hearing be reset again to March 18, 2008. On January 31, 2008, another field violation report was filed. On March 18, 2008, the Probation Violation Hearing was reset until April 21, 2008.

On April 4, 2008, another field violation report was filed against Relator. On June 17, 2008, Respondent's docket sheet indicated that payment of costs and restitution by Relator was complete. The Probation Violation Hearing was finally held on August 22, 2008, and Respondent imposed a sentence of three years in the DOC. By that time, Respondent had continued the matter for almost three years. After the hearing, Relator filed a writ of prohibition with this Court based on Respondent's imposition of the sentence.

The first issue is whether a writ of prohibition is an appropriate remedy in this case. Writs of prohibition are appropriate in one of three circumstances:

(1) to prevent the usurpation of judicial power when the trial court lacks jurisdiction; [2] (2) to remedy a[n] excess of jurisdiction or an abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not made available in response to the trial court's order.

*State ex rel. Breeding v. Seay,* 244 S.W.3d 791, 794 (Mo.App. S.D.2008) (quoting *State ex rel. Proctor v. Bryson,* 100 S.W.3d 775, 776 (Mo. banc 2003)).

Respondent argues that Rule 24.035(a) [3] provides the "exclusive procedure" for a person challenging the trial court's "jurisdiction." Respondent relies on the following language to support his argument that there is no other remedy available to Relator: "[t]his Rule ... provides the ***exclusive procedure*** by which such person ***may*** seek relief in the sentencing court for the claims enumerated." Rule 24.035(a) (emphasis added). This sentence demonstrates that if the person chooses to use Rule 24.035(a) to challenge the trial court's authority, then Rule 24.035 provides the exclusive source for the procedures that must be followed. This is consistent with the rest of Rule 24.035, because the provisions that follow subsection (a) are procedural provisions about how and where to file a Rule 24.035 motion. The language does not mean that

**2.** Though the cited cases use the word "jurisdiction," we read them in light of *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), to be that the court has exceeded its statutory authority. *Id.* at 253 (making clear that prior cases labeling mere error to be "jurisdictional" no longer should be followed as there are only two types of jurisdic-

tion in Missouri state courts: personal and subject matter.) The trial court in this case had both. Relator's claim is that the court exceeded statutory authority.

**3.** All rule references are to Missouri Court Rules (2008), unless otherwise specified.

Rule 24.035 is the only remedy available to Relator.

A closer read of Rule 24.035(a) illustrates that a "person convicted of a felony . . . who claims . . . that the court imposing the sentence was without jurisdiction to do so . . . *may* seek relief . . . pursuant to the provisions of this Rule 24.035." (emphasis added). The use of the word "may" indicates that Rule 24.035 is an optional remedy. Furthermore, courts have frequently used writs of prohibition to bar a trial court from conducting probation revocation proceedings when the lower court exceeded its statutory authority. *See, e.g.,* *State ex rel. Breeding v. Seay,* 244 S.W.3d 791, 792 (Mo.App. S.D.2008); *State ex rel. Heberlie v. Martinez,* 128 S.W.3d 616, 617 (Mo.App. E.D.2004); *State ex rel. Moyer v. Calhoun,* 22 S.W.3d 250, 252–53 (Mo.App. E.D.2000); *State ex rel. Brown v. Combs,* 994 S.W.2d 69, 73 (Mo.App. W.D.1999); *State ex rel. Limback v. Gum,* 895 S.W.2d 663, 665 (Mo.App. W.D.1995). Here, Relator is arguing that Respondent exceeded its statutory authority to hold a hearing to revoke his probation because the probationary period had expired. Relator can choose to bring his claim under a Rule 24.035(a) motion or to seek a writ of prohibition.[4] Therefore, a writ of prohibition is an appropriate remedy in this case.

█ As to whether the trial court exceeded its statutory authority to hold a revocation hearing on August 22, 2008, three years after Relator's probation had expired, we find that it did. Statutory authority to revoke probation generally ends on the date the probation period expires. *Stelljes v. State,* 72 S.W.3d 196, 200 (Mo.App. W.D.2002). Section 559.036 states that "[a] term of probation commences on the day it is imposed." Section 559.036.1. In this case, Relator was ordered to serve five years supervised probation, which was imposed on September 18, 2000. This means that Relator's probation expired on September 18, 2005. "Thereafter, [R]espondent did not have jurisdiction over [R]elator 'for any purpose, whether to cite him for probation violations, revoke probation, or order execution of the sentence previously imposed.' " *Gum,* 895 S.W.2d at 664 (quoting *State ex rel Musick v. Dickerson,* 813 S.W.2d 75, 77 (Mo.App. W.D.1991)).

█ Section 559.016.1(1) provides that the total probationary period served for a felony shall not exceed five years.[5] Section 559.036.6 provides the only exception that allows a trial court to extend its statutory authority and revoke probation after its expiration date. *Jordan v. Flynn,* 903 S.W.2d 261, 262 (Mo.App. E.D.1995); *Cline v. Teasdale,* 142 S.W.3d 215, 221 (Mo.App. W.D.2004). Section 559.036.6 states:

> The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is *reasonably necessary* for the adjudication of matters arising before its expiration, *provided* that some affirmative

---

4. Instead of a writ of prohibition, Relator could have sought extraordinary relief under a writ of habeas corpus. *State ex rel. White v. Davis,* 174 S.W.3d 543, 547–548 (Mo.App. W.D.2005). "Historically habeas corpus has been frequently used in probation revocation situations." *Id.* at 547.

5. Changes to the language of section 559.016.3 were approved on July 13, 2005, and became effective ninety days thereafter, which was after Relator's probation had expired. Even if said changes were applicable in this case, the new language provides that the court may extend the maximum term established in subsection 1 by no more than one additional year. Section 559.016.3, RSMo Cum.Supp.2005.

manifestation of an intent to conduct a revocation hearing occurs *prior to the expiration* of the period and that *every reasonable effort* is made to notify the probationer and to *conduct the hearing prior to the expiration* of the period. Section 559.036.6 (emphasis added). This section is complied with when, prior to the expiration of probation, some manifestation of intent to revoke is established and there is no unreasonable delay in conducting the revocation hearing. *Combs*, 994 S.W.2d at 73. Additionally, the trial court maintains authority to revoke probation "only if the violation occurred and the formal revocation procedures were initiated during the probationary period." *State v. Forest*, 753 S.W.2d 87, 87 (Mo.App. E.D.1988). If the probation violations occurred after the date probation expired, any action taken by the trial court on those motions is "absolutely void." [6] *Wesbecher v. State*, 863 S.W.2d 2, 5 (Mo.App. E.D. 1993).

The State's first Motion to Revoke Probation and Toll Probation Period was filed on July 21, 2005, and was based on a probation violation report dated June 23, 2005, which was before the September 18, 2005 expiration date.[7] This is the only relevant motion in this case because the other motions to revoke are based on violations that occurred after the probation expiration date, which means that any ac-

tions by the trial court on those motions may be considered "voidable." [8] Relator does not dispute that Respondent and the State manifested an intent to revoke his probation nor that they made reasonable efforts to bring Relator into court. Instead, Relator argues that Respondent and the State failed to make every reasonable effort to conduct the hearing before the probation expiration date.

In this case, Respondent extended Relator's probationary period, per section 559.036, from June 30, 2005 through August 22, 2008, which extended Relator's probation from five years to almost eight years. Relator bears the burden of proving that he was prejudiced by the court's time delay in setting a probation revocation hearing. *Ewing v. Wyrick*, 535 S.W.2d 442, 445 (Mo. banc 1976). Even though Relator bears the burden of proof, a two-year gap has been held to be unduly prejudicial when Respondent had several opportunities to conduct a timely revocation hearing. *Seay*, 244 S.W.3d at 795. Here, Relator's probationary period expired through operation of law on September 18, 2005, and the revocation hearing was not held until August 22, 2008. Similar to the relator in *Seay*, Relator in this case had appeared numerous times before Respondent and the date for the revocation hearing was continuously reset for a

---

**6.** Although the language of the cases indicates the actions of the trial court to be "void," in view of *J.C.W.*, we believe the actions taken by the trial court may be "voidable."

**7.** Changes to the language of section 559.036.5 were approved on July 13, 2005, and became effective ninety days thereafter, which was after Relator's probation had expired. Upon the filing of a motion to revoke probation during the term of probation, the new language provides, "the court may immediately enter an order suspending the period of probation and may order a warrant for

the defendant's arrest. The probation shall remain suspended until the court rules on the ... motion, or until the court otherwise orders the probation reinstated." Section 559.036.5, RSMo Cum.Supp.2005.

**8.** The second motion to revoke was filed March 7, 2006, based on violation reports dated June 23, 2005, and January 9, 2006, and the third motion to revoke was filed June 27, 2007, based on a violation report dated June 4, 2007. Two of these violations occurred after Relator's probation expired on September 18, 2005.

period of three years.[9]

Respondent argues that this case is distinguishable from *Seay* because in this case it was Relator who requested a continuance to wait on the outcome from other pending convictions and in *Seay* it was the respondent. Respondent cites *State ex rel. Connett v. Dickerson,* 833 S.W.2d 471 (Mo.App. S.D.1992), for support. In *Connett,* where the hearing was continued at the relator's request, we held that the relator could not complain that the hearing was not conducted within the five-year probation period because the delay was of his own making. *Id.* at 473–74. *Connett* is distinguishable from the facts of this case because, in *Connett,* although there were two continuances at the request of the relator, the revocation hearing was still held within two months of the continuances. *Id.* Here, the first time Relator asked for a continuance was November 17, 2006, which was after the hearing had already been continued for a year, and the revocation hearing was still not conducted until August 22, 2008. Therefore, the three-year postponement of the revocation hearing in this case is more consistent with the two-year prejudicial delay in *Seay.*

Because Respondent failed to complete probation revocation proceedings within a reasonable time following the end of the probationary period on September 18, 2005, the trial court exceeded its statutory authority to act as intended when it revoked Relator's probation. We, therefore, make our preliminary order absolute.

LYNCH, C.J., and BURRELL, P.J., concur.

---

9. Between September 2005 and May 2006, Relator appeared five times before the trial court, and each time Respondent reset the hearing.