**STATE of Missouri, ex rel., Cory J. STIMEL, Relator,**

v.

**Honorable Ronald D. WHITE, Judge of the Circuit Court of Phelps County, Missouri, Twenty–Fifth Judicial Circuit, Respondent.**

No. SD 31664.

Missouri Court of Appeals,
Southern District,
Division Two.

April 11, 2012.

Matthew Crowell, Rolla, for Appellant.

No brief filed for Respondent.

ROBERT S. BARNEY, Judge.

We have previously issued a preliminary writ of prohibition which we now make permanent.

By his petition, Cory J. Stimel ("Relator") seeks to prohibit Judge Ronald D. White ("Respondent") from revoking his probation and prays for an order directing Respondent to dismiss revocation proceedings pending against him.[1] Relator maintained in his petition, as he does now, that Respondent had no statutory authority to hold a revocation hearing because no formal revocation procedures were initiated prior to the expiration of Relator's probation and Respondent failed to implement probation revocation proceedings within a reasonable time following the end of his probationary period, all contrary to section 559.036.[2]

On or about January 5, 2009, Relator pled guilty to "stealing" in the Phelps County Circuit Court before Respondent. As part of his plea agreement, Relator was "ordered to pay court costs;" was required to pay $10.00 "for the Crime Victim's Compensation Fund;" was required to perform 80 hours of community service; received a suspended imposition of sentence; was placed on two years probation to be supervised by the private probation company O.C.C.S., Inc.; was required to pay $250.00 to the state public defender system; and was ordered to pay $422.00 in restitution, in addition to the standard provisions. The written waiver of guilty plea

1. Respondent did not file an answer to the petition; nor did Respondent elect to file a brief with this Court.

2. All statutory references are to RSMo Cum. Supp.2005.

form indicated a probation review would be conducted on March 6, 2009. On that date, a docket entry was made by Respondent indicating Relator was "in compliance" with his supervised probation; had paid his costs; and had paid his restitution. A probation review was then set for October 9, 2009.

On October 9, 2009, Respondent entered a docket entry indicating Relator was "in compliance" with his supervised probation; had paid his costs; and had paid his restitution. A probation review was then set for a year later on October 8, 2010. On October 8, 2010, Respondent entered a docket entry indicating Relator was "in compliance" with his supervised probation; had paid his costs; had paid his restitution; and had completed his community service. A probation review was then set for December 10, 2010.

On December 10, 2010, Respondent entered a docket entry again indicating Relator was "in compliance" with his supervised probation; had paid his costs; had paid his restitution; and had completed his community service. However, the docket entry went on to state that Relator's probation was "suspended" and that a violation report was "filed on 12/9/10 for not reporting, not paying probation fees [and] not paying public defender fee."[3] A review was set for January 7, 2011.

Relator's probationary period expired on January 5, 2011.

On January 7, 2011, Respondent held a review and again noted in the docket entry that Relator's "[p]robation is suspended" and "violation filed on 12/9/10 for not re-porting, not paying restitution [and] not paying public defender fees." The record shows that on January 18, 2011, the State filed a "Motion to Revoke Probation" which alleged Relator "had violated the conditions of his probation by failing to report to his probation officer as directed, by willfully failing to [pay] restitution and by willingly failing to satisfy the lien of the State Public Defender." The motion alleged that such "acts and omissions ... violated the express conditions of [Relator's] probation" and the State requested Relator be ordered to appear to show "cause why his probation should not be revoked, sentence imposed and immediately executed." Relator filed his Writ of Prohibition on October 27, 2011. A "PRELIMINARY ORDER IN PROHIBITION" was then issued by this Court on November 10, 2011, ordering Respondent to "to refrain from taking any further action ... unless or until this Court otherwise orders."

■■■■ Prohibition is a discretionary writ that lies to prevent abuse of judicial discretion, avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power.[4] *State ex rel. Missouri Public Defender Comm'n v. Pratte*, 298 S.W.3d 870, 880 (Mo. banc 2009). A writ is not to serve as a remedy for all legal difficulties, nor is it a substitute for appeal, but it is an extraordinary remedy that should lie only in cases of extreme necessity. *State ex rel. Lopp v. Munton*, 67 S.W.3d 666, 670 (Mo.App.2002). "Prohibition will lie ... 'to restrain the further enforcement of orders that are beyond or

---

**3.** The record shows that the "VIOLATION REPORT," authored by O.C.C.S., Inc., while dated December 8, 2010, was not filed with the court until December 20, 2010. The report indicated Relator did not pay his public defender fee of $250.00 and "currently owes $345.00 for probation fees."

**4.** "A writ of prohibition is available to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended." *State ex rel. Manion v. Elliott*, 305 S.W.3d 462, 463 (Mo. banc 2010).

in excess of the authority of the judge.'" *State ex rel. Robinson v. Franklin,* 48 S.W.3d 64, 67 (Mo.App.2001) (quoting *State ex rel. Sisters of St. Mary v. Campbell,* 511 S.W.2d 141, 148 (Mo.App.1974)). "Whether a trial court has exceeded its authority is a question of law, which an appellate court reviews independently of the trial court." *Pratte,* 298 S.W.3d at 880; *see In re Smythe,* 254 S.W.3d 895, 897 (Mo.App.2008). This Court's review is limited to the record made in the court below. *State ex rel. Dixon v. Darnold,* 939 S.W.2d 66, 69 (Mo.App.1997).

■■ "A term of probation commences on the day it is imposed." § 559.036.1. The authority " 'to revoke probation normally ends when the probationary period expires.'" *State ex rel. Breeding v. Seay,* 244 S.W.3d 791, 794 (Mo.App.2008) (quoting *Stelljes v. State,* 72 S.W.3d 196, 200 (Mo.App.2002)). Per section 559.036.3,

> [i]f the defendant violates a condition of probation at any time prior to the expiration or termination of the probation term, the court may continue him on the existing conditions, with or without modifying or enlarging the conditions or extending the term, or, if such continuation, modification, enlargement or extension is not appropriate, may revoke probation and order that any sentence previously imposed be executed. If imposition of sentence was suspended, the court may revoke probation and impose any sentence available under section 557.011....

Section 559.036.6, dealing with the duration of probation, states that

> [t]he power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative

manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period. *See also State v. Roark,* 877 S.W.2d 678, 680 (Mo.App.1994).

Here, Relator's probation expired on January 5, 2011. At the time of the expiration of his probationary period there were no revocation motions pending, there had been no revocation hearing scheduled, no warrants had been issued for Relator, and the only notation of the suspension of Relator's probation was set out in a docket entry authored by Respondent. As such, the issue in the present matter becomes whether there was "some affirmative manifestation of an intent to conduct a revocation hearing ... prior to the expiration of the period ..." of Relator's probation. § 559.036.6.

The cases reveal there is no clear cut, bright line rule as to what an affirmative manifestation of intent to conduct a revocation hearing entails. In *State ex rel. Connett v. Dickerson,* 833 S.W.2d 471, 474 (Mo.App.1992), the court held there was an affirmative manifestation to conduct a revocation hearing, where, well in advance of the expiration of the defendant's probationary period, three probation violation reports had been filed, the defendant had clearly been notified of the violation reports and requested a continuance, and a probation revocation hearing was then duly scheduled, albeit after the expiration of the defendant's probationary period. Likewise, in *State ex rel. Cline v. Wall,* 37 S.W.3d 877, 881–82 (Mo.App.2001), the reviewing court found that where the court held two probation violation hearings, which the probationer attended, set a third violation hearing, which the probationer did not attend, and issued a capias warrant

all prior to the expiration of the probationary period there was a sufficient affirmative manifestation of intent to hold a revocation hearing. Additionally, in *Williams v. State*, 927 S.W.2d 903, 904–06 (Mo.App. 1996), the court found there was sufficient manifestation of intent to hold a revocation hearing where the defendant's probation was suspended and a warrant issued for his arrest prior to the expiration of the probationary period.

 Here, the prosecuting attorney filed his motion to revoke Relator's probation on January 18, 2011, almost two weeks after Relator's probationary period had expired. Indeed, the trial court's docket entry dated December 10, 2010, merely set the matter for "probation review on January 7, 2011[,] at 9:00 am," two days after Relator's probationary period was set to elapse. As such, reading the plain meaning of section 559.036.5, as we must, *Cline v. Teasdale*, 142 S.W.3d 215, 222 (Mo.App. 2004), it appears there has to be something in addition to the docket entry such as the issuance of a warrant, the filing of a motion to revoke probation, the scheduling of a revocation hearing or some other similar affirmative manifestation of an intent to hold a revocation hearing in order for the trial court to retain authority to act following the expiration of the probationary period. None of those things occurred in this matter. As previously set out, "[o]nce the term of probation expires, the circuit court has no authority over a probationer 'for any purpose, whether to cite him for probation violations, revoke probation, or order execution of the sentence previously imposed.'" *Starry v. State*, 318 S.W.3d 780, 782 (Mo.App.2010) (quoting *State ex rel. Limback v. Gum*, 895 S.W.2d 663, 664 (Mo.App.1995)); *see Stelljes*, 72 S.W.3d at

200. Accordingly, Respondent does not have the authority to hold a hearing to revoke Relator's probation pursuant to section 559.036. Therefore, this Court's preliminary writ in prohibition is made permanent.[5] *See Seay*, 244 S.W.3d at 796.

SCOTT, J. and FRANCIS, P.J., Concur.

---

**5.** The issue of the timeliness of the revocation hearing is moot. *See Cline*, 142 S.W.3d at 224.