**STATE of Missouri ex rel. Levi DOTSON, Relator,**

v.

**The Honorable Calvin R. HOLDEN, Respondent.**

**No. SD 32462.**

Missouri Court of Appeals, Southern District, Division Two.

Dec. 2, 2013.

James Egan of Springfield, MO, for Relator.

John D. Patterson of Springfield, MO, and Jerold B. Hathaway, III of Springfield, MO, for Respondent.

Before BATES, P.J., BURRELL, J. and SHEFFIELD, J.

PER CURIAM.

This case arises out of a petition for writ of prohibition filed by Levi Dotson (Dotson). He asked this Court to issue a permanent writ to the Honorable Calvin R. Holden (Respondent), prohibiting him from conducting a probation revocation hearing and directing that Dotson be discharged from probation. Having considered the writ petition, exhibits and the parties' suggestions, we conclude that Dotson is entitled to the relief sought. In the interest of justice, we dispense with all further procedure in this matter and issue a permanent writ in prohibition. *See* Rule 84.24(j) and (*l*).[1]

**Factual and Procedural Background**

In May 2006, the State filed an information in Greene County case number 31306CF4010 charging Dotson with second-degree robbery. *See* § 569.030 RSMo (2000). On January 5, 2007, Dotson pled guilty and was sentenced by Respondent to serve 10 years in the Missouri Department of Corrections. Execution of that sentence was suspended, and Respondent placed Dotson on supervised probation for a term of five years.

On February 9, 2009, Respondent made the following docket entry: "Clerk in receipt of written correspondence dated 01/09/09 filed by [probation officer]. Probation is tolled in this case until Deft is on parole. Notice of Entry to State/PO. CRH/abt." On April 22, 2010, Respondent made the following docket entry: "Deft is on parole in case 07SN–CR00626–01. Probation reinstated. CRH/abt."

On March 21, 2011, Dotson's probation officer filed a field violation report with the court. The report recommended "No Court Action/Delayed Action." According to the court's docket entry, the report was "sent to file" with no further action.

On March 30, 2011, the probation officer filed a second field violation report, this time "recommending Court Action/Revocation." The report prompted the following docket entry: "Court notes Deft was sent to DOC [Department of Corrections]. Capias warrant to issue. Probation is/remains tolled. CRH/abt." A capias warrant issued on March 31, 2011.

On October 4, 2012, Dotson was brought before Respondent and "arraigned on probation violations." The court ordered the Office of State Public Defender to represent Dotson at the probation revocation proceeding and scheduled a probation violation hearing on November 30, 2012. That hearing was postponed until December 20, 2012.

On December 4, 2012, Dotson filed a "Motion to Order Defendant's Probation Terminated." The motion asserted that: (1) the five-year term of probation had expired on January 5, 2012; and (2) the circuit court therefore lacked the statutory authority to revoke Dotson's probation. Respondent overruled the motion on December 7, 2012. On December 10, 2012, Respondent made the following docket entry:

The Court having reviewed Deft's Motion and Suggestions to Terminate Probation does overrule Deft's motion. The court and the State should be mindful of the Deft's right to a disposition of this matter; as well as to the victim and

---

1. All references to rules are to Missouri Court Rules (2013). All references to statutes are to RSMo Cum.Supp. (2005) unless otherwise specified.

public's right to disposition in a reasonable time.

The Court finds the Deft has not been prejudiced by the delay in this hearing. The Deft could have filed a motion from prison requesting a disposition of the warrant. Notice of Entry sent to State/Atty for Deft. CRH/abt[.]

On December 17, 2012, Dotson filed his petition for writ of prohibition in this Court. We issued an order directing Respondent to refrain from conducting a probation revocation hearing and to take no further action pending our review.

## Standard of Review

Our review is limited to the record made in the court below. *State ex rel Dixon v. Darnold,* 939 S.W.2d 66, 69 (Mo. App.1997). An appellate court can issue a writ of prohibition "to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended...." *State ex rel. Missouri Public Defender Commission v. Pratte,* 298 S.W.3d 870, 880 (Mo. banc 2009); *see State ex rel. Whittenhall v. Conklin,* 294 S.W.3d 106, 108 (Mo.App. 2009). Thus, writ relief lies when a trial court lacks the authority to conduct a probation revocation hearing after the term of probation has expired. *See State ex rel. Stimel v. White,* 373 S.W.3d 481, 485 (Mo. App.2012). "Whether a trial court has exceeded its authority is a question of law, which an appellate court reviews independently of the trial court." *Pratte,* 298 S.W.3d at 881.

## Analysis

Dotson was sentenced on January 5, 2007. At that time, § 559.016 stated, in relevant part, as follows:

1. Unless terminated as provided in section 559.036 or modified under section 217.703, the terms during which each probation shall remain conditional and be subject to revocation are: (1) A term of years not less than one year and not to exceed five years for a felony....

2. The court shall designate a specific term of probation at the time of sentencing or at the time of suspension of imposition of sentence.

3. The court may extend a period of probation, however, no more than one extension of any probation may be ordered except that the court may extend the total time on probation by one additional year by order of the court if the defendant admits he or she has violated the conditions of his or her probation or is found by the court to have violated the conditions of his or her probation. Total time on any probation term, including any extension, shall not exceed the maximum term as established in subsection 1 of this section plus one additional year if the defendant admits or the court finds that the defendant has violated the conditions of his or her probation.

§ 559.016. At sentencing, Respondent imposed the maximum five-year term of probation. Dotson's term of probation commenced that day. § 559.036.1. There is no indication in the record that Respondent extended Dotson's probation for one year for either of the reasons authorized by § 559.016.3. Therefore, Dotson's five-year term of probation expired on January 5, 2012. *See State ex rel. Wright v. Dandurand,* 973 S.W.2d 161, 162 (Mo.App.1998).[2]

---

2. The 2005 version of § 559.036 included an amendment which authorized the trial court to suspend the period of probation under certain circumstances. *See* § 559.036.5; 2005 Mo. Laws 605. Respondent's orders purporting to "toll" Dotson's probation, however, did not have the effect of extending the term of probation beyond January 5, 2012. The plain

Probation revocations are governed by Rule 29.18 and § 559.036.[3] *See* Rule 24.037. Rule 29.18 states that "[a] court may revoke probation or parole upon compliance with section 559.036, RSMo, but not otherwise." Rule 29.18(d). A trial court's statutory authority to revoke probation pursuant to § 559.036 normally ends when the probationary period expires. *State ex rel. Stimel v. White*, 373 S.W.3d 481, 484 (Mo. App.2012). The court's authority to revoke can continue after the expiration of the probationary term, but only if two requirements are met:

> The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court *and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.*

§ 559.036.6 (italics added); *see Stelljes v. State*, 72 S.W.3d 196, 200 (Mo.App.2002).

In the case at bar, the first requirement was met. Approximately nine months before Dotson's term of probation expired, a second field violation report was filed that recommended revocation. Respondent then issued a capias warrant. By doing so, Respondent affirmatively manifested an intention to conduct a revocation hear-ing before the term of probation expired. *See White*, 373 S.W.3d at 484.

The second statutory requirement, however, was not met because the record does not establish that every reasonable effort was made to notify Dotson and to conduct the hearing prior to the expiration of his probationary term. The record clearly reflects that Respondent knew Dotson had been "sent to DOC" on March 30, 2011. Despite knowing where Dotson was, there is no indication in the record that *any* effort was made to notify Dotson of the filing of the second field violation report or of the court's docket entry of March 30, 2011. Indeed, the only clear indication that Dotson was notified of the issuance of the capias warrant is found in an entry reflecting that the warrant was served on him on October 4, 2012. That occurred approximately nine months after the expiration of Dotson's probation. Based on this record, it cannot be said that "every reasonable effort [was] made to notify the probationer" in this case. He did not receive notice of the second field violation report or Respondent's intention to hold a probation revocation hearing for 19 months.

Additionally, the record does not reflect any apparent effort to conduct a hearing during the nine months prior to the expiration of Dotson's probation. As noted above, Respondent and the State had knowledge that Dotson was in the custody of the Missouri Department of Correc-

---

language of § 559.016.3 unambiguously states that the "[t]otal time on any probation term, including any extension, shall not exceed the maximum term as established in subsection 1 of this section [five years] plus one additional year if the defendant admits or the court finds that the defendant has violated the conditions of his or her probation." *Id.; see Starry v. State*, 318 S.W.3d 780, 784–85 (Mo.App.2010) (rejecting a similar tolling argument by the State); *State ex rel. Breeding v. Seay*, 244 S.W.3d 791, 795 n. 3 (Mo.App.2008) (noting that § 559.036.5 cannot be used to suspend probation indefinitely).

3. Because Dotson's term of probation expired in January 2012, the 2005 version of § 559.036 was in effect. Therefore, we apply that version of § 559.036, even though some of the events in this case occurred after the 2012 amendment became effective.

tions. Therefore, Respondent could have set a probation revocation hearing in this matter and, by means of a writ of habeas corpus ad testificandum or ad prosequendum, could have secured Dotson's presence for such a hearing. *See* § 491.230 RSMo (2000).[4] Neither Respondent nor the State made any effort to set or conduct a probation revocation hearing until nearly a year after the term of probation had expired. Dotson has met his burden of establishing prejudice from the 19–month delay. *See State ex rel Breeding v. Seay,* 244 S.W.3d 791, 795 (Mo.App.2008) (holding that a delay of 22 months was prejudicial).

Under these circumstances, we conclude that Respondent's statutory authority to revoke Dotson's probation ended when his five-year term of probation expired on January 5, 2012. Accordingly, this Court hereby enters a permanent writ in prohibition: (1) prohibiting Respondent from conducting a probation revocation hearing in Greene County case number 31306CF4010; and (2) commanding Respondent to discharge Dotson from probation therein.

---

**4.** Respondent's ability to secure Dotson's presence by means of a writ of habeas corpus

distinguishes this case from *Stelljes*. *See Stelljes,* 72 S.W.3d at 203.