IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT
STATE OF MISSOURI ex rel. )
TAMY BARNES, )
 Relator, )
 )
v. ) WD84249
 )
THE HONORABLE MARK B. ) FILED: May 4, 2021
PILLEY, ASSOCIATE CIRCUIT )
JUDGE, BENTON COUNTY, 30TH )
JUDICIAL CIRCUIT, MISSOURI, )
 Respondent. )
 On Original Petition for Writ of Prohibition
 Before Writ Division: Lisa White Hardwick, P.J.,
 and Alok Ahuja and W. Douglas Thomson, JJ.
 Relator Tamy Barnes seeks a writ of prohibition to prevent the Respondent,

Judge Mark B. Pilley of the Circuit Court of Benton County, from holding a

probation revocation hearing after her term of probation has expired. Barnes

contends that the circuit court no longer has statutory authority to revoke her
probation because the court did not affirmatively manifest an intention to hold a

revocation hearing, and failed to make reasonable efforts to conduct a revocation

hearing, before Barnes’ probationary period expired. We issued a preliminary writ

of prohibition. Because we agree with Barnes that the court failed to affirmatively

manifest an intention to hold a probation revocation hearing before her probation

expired, we now make the preliminary writ permanent.
 Factual Background
 On August 7, 2018, Barnes pleaded guilty to the Class B misdemeanor of

driving while intoxicated in the Circuit Court of Benton County in Case No. 18BE-

CR00065. The court sentenced Barnes to six months in jail, but suspended

execution of that sentence and placed Barnes on two years’ probation.

 On March 31, 2020, Barnes was again charged with driving while

intoxicated, as well as three misdemeanor traffic offenses, in the Circuit Court of

Camden County (Case No. 20CM-CR00357). The information in the Camden

County case lists Barnes’ prior conviction in the Circuit Court of Benton County as

the basis for a finding that Barnes is a prior offender.

 On July 30, 2020, four months after commencement of the Camden County

prosecution, the Circuit Court of Benton County made the following docket entry in

Barnes’ case:

 COURT BEING ADVISED THAT DEFENDANT HAS RECEIVED A
 NEW DWI IN CAMDEN COUNTY, HEREBY SUSPENDED
 DEFENDANTS PROBATION. DEFENDANTS APPEARANCE ON
 AUGUST 18TH, 2020 AT 8:00 AM IS MANDATORY. CLERK TO
 NOTIFY DEFENDANT OF SAME. MBP.
 Barnes’ two-year term of probation in Benton County expired on August 7,

2020.
 On August 18, 2020, Barnes appeared at the hearing scheduled by the

Benton County court, without counsel. A docket entry on the same day states:

 DEFENDANT APPEARS HAS BEEN CHARGED WITH DWI IN
 CAMDEN COUNTY. HAS APPEARANCE THERE ON 9-21-20.
 PROSECUTOR PLANS ON FILING MOTION TO REVOKE
 DEFENDANT'S PROBATION IN THIS CASE. CASE RESET TO
 OCTOBER 13, 2020 AT 8:00 A.M. MBP
The Respondent has suggested that the case was reset to permit Barnes to obtain

counsel, but the record does not indicate whether either party requested this
continuance, or the reasons for which the hearing was rescheduled.

 2
 On September 10, 2020, defense counsel entered an appearance on Barnes’

behalf. At the following two hearings, held on October 13 and November 10, 2020,

Barnes’ counsel requested continuances.

 On December 8, 2020, Barnes moved to be discharged from probation because

her probationary period had expired, and the circuit court no longer had authority

to revoke her probation. The court denied Barnes’ motion for discharge, finding

that “it did all that it could and that which was reasonable prior to the expected

expiration [of] Defendant’s probation and has made a reasonable effort to deal with

the issue.”

 Following the circuit court’s denial of her motion for discharge from

probation, Barnes filed a petition for writ of prohibition in this Court on January 9,

2021. After receiving Respondent’s suggestions in opposition, this Court issued a

preliminary writ of prohibition on January 25, 2021, staying further proceedings in

the underlying Benton County case pending further order of this Court. We then

set the case for briefing and oral argument.

 We note that, although the prosecution apparently advised the circuit court

that it intended to file a motion to revoke Barnes’ probation on August 18, 2020, no

such motion has ever been filed.
 Standard of Review
 A writ of prohibition is appropriate: (1) to prevent the usurpation of
 judicial power when a lower court lacks authority or jurisdiction; (2) to
 remedy an excess of authority, jurisdiction or an abuse of discretion
 where the lower court lacks the power to act as intended; or (3) where
 a party may suffer irreparable harm if relief is not granted.
State ex rel. Strauser v. Martinez, 416 S.W.3d 798, 801 (Mo. 2014) (citation omitted).

“Writ relief lies when the circuit court lacks the authority to conduct a probation

revocation hearing after the term of probation has expired.” State ex rel. Boswell v.
Harman, 550 S.W.3d 551, 554 (Mo. App. W.D. 2018) (citing State ex rel. Zimmerman

 3
v. Dolan, 514 S.W.3d 603, 607 (Mo. 2017); internal quotation marks omitted); accord

State ex rel. Whittenhall v. Conklin, 294 S.W.3d 106, 109 (Mo. App. S.D. 2009)

(“courts have frequently used writs of prohibition to bar a trial court from

conducting probation revocation proceedings when the lower court exceeded its

statutory authority”; collecting cases).

 While our “review is limited to the record made in the court below,”

“[w]hether a trial court has exceeded its authority is a question of law” that we

decide in the first instance. State ex rel. Stimel v. White, 373 S.W.3d 481, 484 (Mo.

App. S.D. 2012) (citations and internal quotation marks omitted).

 Discussion
 “Jurisdiction to revoke probation normally ends when the probationary

period expires.” Stelljes v. State, 72 S.W.3d 196, 200 (Mo. App. W.D. 2002) (citing

Williams v. State, 927 S.W.2d 903, 905 (Mo. App. S.D. 1996)). However, the court’s

authority to revoke probation may be extended if certain requirements are met.

Section 559.036.81 states:

 The power of the court to revoke probation shall extend for the
 duration of the term of probation designated by the court and for any
 further period which is reasonably necessary for the adjudication of
 matters arising before its expiration, provided that some affirmative
 manifestation of an intent to conduct a revocation hearing occurs prior
 to the expiration of the period and that every reasonable effort is made
 to notify the probationer and to conduct the hearing prior to the
 expiration of the period.
In Strauser, the Supreme Court explained that § 559.036.8

 sets out two conditions under which a court may revoke probation after
 a probation term has ended. First, the court must have manifested its
 intent to conduct a revocation hearing during the probation term.
 Second, it must make every reasonable effort to notify the probationer
 and hold the hearing before the term ends.

 1 Statutory citations refer to the 2016 edition of the Revised Statutes of
Missouri, as updated through the 2020 Cumulative Supplement.

 4
416 S.W.3d at 801. “Unless the court meets both of these conditions, it cannot hold

a revocation hearing after probation expires.” Id.

 The fact that the circuit court in this case suspended Barnes’ probation does

not alter this analysis. Strauser makes clear that “suspending probation without

deciding whether probation should be revoked, as the trial court did in [this] case[ ],

does not relieve a court from meeting both of the conditions provided by section

559.036.8.” Id. at 801 n.3. Even if a court has suspended probation, “a court must

rule on the revocation motion before the probation term ends unless it meets the

two conditions outlined in the statute.” Id.

 We conclude that in this case, the circuit court failed to satisfy the first

mandatory condition specified in § 559.036.8: the court failed to affirmatively

manifest its intent to hold a revocation hearing before Barnes’ probation expired.

 “[T]here is no clear cut, bright line rule as to what an affirmative

manifestation of intent to conduct a revocation hearing entails.” Stimel, 373 S.W.3d

at 484. Merely suspending an offender’s probation is not sufficient, however. This

is made clear by Strauser, which holds that a circuit court’s order suspending

probation “does not relieve a court from meeting both of the conditions provided by

section 559.036.8.” 416 S.W.3d at 801 n.3; see also State ex rel. Breeding v. Seay,
244 S.W.3d 791, 796 (Mo. App. S.D. 2008) (holding that “there was an insufficient

‘manifestation of an intent [by Respondent] to conduct a revocation hearing . . .’

before the expiration of Relator's probation on August 18, 2006,” even though the

court suspended the offender’s probation on June 2, 2006).

 Besides suspending probation, before Barnes’ probation expired the circuit

court also set the case for a status hearing (to be held outside the probationary

period). Scheduling such a review hearing is likewise insufficient to manifest an

intention to hold a probation revocation hearing. In Stelljes v. State, 72 S.W.3d 196
(Mo. App. W.D. 2002), this Court held that no “affirmative manifestation” had been

 5
made where, prior to the expiration of the offender’s probation, “the court entered

an order, requiring [the offender] to appear [after the expiration of the probationary

period], to explain why he was not paying on costs” as required by his probation. Id.

at 201. The Court stated that “[s]imply ordering a probationer to appear to explain

why he was not paying his court costs is not an affirmative manifestation of an

intent to revoke probation.” Id.

 The Southern District found that a circuit court failed to sufficiently manifest

its intention to conduct a revocation hearing in virtually identical circumstances in

State ex rel. Stimel v. White, 373 S.W.3d 481 (Mo. App. S.D. 2012). In Stimel, an

offender’s two-year term of probation for a stealing conviction expired on January 5,

2011. On December 10, 2010 – almost a month prior to the expiration of the

offender’s probationary period – an entry was made on the docket “stat[ing] that

Relator’s probation was ‘suspended’ and that a violation report was ‘filed on 12/9/10

for not reporting, not paying probation fees [and] not paying public defender fee.’ A

review was set for January 7, 2011.” Id. at 483 (footnote omitted).

 Like in this case, in Stimel the circuit court made a docket entry prior to the

expiration of the probationary period which (1) suspended the offender’s probation;

(2) described conduct of the offender which appeared to violate conditions of
probation; and (3) set the matter for a status hearing. The Southern District held

that a docket entry with these features was insufficient to constitute an “affirmative

manifestation of an intent to conduct a revocation hearing” as required by

§ 559.036.8.

 Here, Relator's probation expired on January 5, 2011. At the
 time of the expiration of his probationary period there were no
 revocation motions pending, there had been no revocation hearing
 scheduled, no warrants had been issued for Relator, and the only
 notation of the suspension of Relator's probation was set out in a
 docket entry authored by Respondent. . . .
 ....

 6
 Here, the prosecuting attorney filed his motion to revoke
 Relator's probation on January 18, 2011, almost two weeks after
 Relator's probationary period had expired. Indeed, the trial court's
 docket entry dated December 10, 2010, merely set the matter for
 “probation review on January 7, 2011[,] at 9:00 am,” two days after
 Relator's probationary period was set to elapse. As such, reading the
 plain meaning of section 559.036.5, as we must, it appears there has to
 be something in addition to the docket entry such as the issuance of a
 warrant, the filing of a motion to revoke probation, the scheduling of a
 revocation hearing or some other similar affirmative manifestation of
 an intent to hold a revocation hearing in order for the trial court to
 retain authority to act following the expiration of the probationary
 period. None of those things occurred in this matter.
Stimel, 373 S.W.3d at 484-85 (citation omitted).

 As recognized by Stimel, in cases which have found a sufficient “affirmative

manifestation of an intent to conduct a revocation hearing,” the circuit court has

done something more than merely suspending probation and/or scheduling a review

hearing. In those cases, the prosecution has filed a motion to revoke probation,

and/or the court has actually scheduled a revocation hearing, or issued an arrest

warrant for the offender.2 Just as in Stimel, “[n]one of those things occurred in this

matter.” 373 S.W.3d at 485. Prior to the expiration of Barnes’ probation, the circuit

court did not issue a warrant for Barnes’ arrest, hold (or even schedule) a revocation

hearing, or take other action indicating its intention to consider revocation.

 2 See State ex rel. Zimmerman v. Dolan, 514 S.W.3d 603, 608 (Mo. 2017)
(suspension of probation and issuance of capias warrant); Strauser, 416 S.W.3d at 802
(filing of motion to revoke probation, suspension of probation, and scheduling of revocation
hearing); Boswell, 550 S.W.3d at 555 (suspension of probation, issuance of capias warrant,
and lodging of detainer); Timberlake v. State, 419 S.W.3d 224, 229 (Mo. App. S.D. 2014)
(issuance of capias warrant, scheduling of revocation hearing, and prosecutor directed to
file notice of probation violation hearing); State ex rel. Cline v. Wall, 37 S.W.3d 877, 881-82
(Mo. App. S.D. 2001) (issuance of capias warrant, setting of case for “disposition” following
the filing of violation reports, and entry of appearance by public defender); Williams v.
State, 927 S.W.2d 903, 906 (Mo. App. S.D. 1996) (suspension of probation and issuance of
arrest warrant); State ex rel. Connett v. Dickerson, 833 S.W.2d 471, 474 (Mo. App. S.D.
1992) (suspension of probation and scheduling of probation revocation hearing). Other
circumstances which may manifest an intention to schedule a revocation hearing include
the court’s issuance of an order requiring the defendant to show cause why probation
should not be revoked.

 7
Moreover, the State did not file a motion to revoke Barnes’ probation – and has not

done so even to the present day.3

 We conclude that the circuit court failed to “affirmative[ly] manifest[ ] . . . an

intent to conduct a revocation hearing . . . prior to the expiration of [Barnes’

probationary] period,” as required by § 559.036.8. Because the circuit court did not

satisfy one of the two conditions specified in § 559.036.8 to extend the court’s

authority, this case is subject to the general rule: “once the term of probation

expires, the circuit court has no authority over a probationer for any purpose,

whether to cite him for probation violations, revoke probation, or order execution of

the sentence previously imposed.” Stimel, 373 S.W.3d at 485 (citations and internal

quotation marks omitted).

 Conclusion
 This Court’s preliminary writ of prohibition is made permanent. Respondent

is prohibited from taking any further action to revoke Barnes’ probation, and is

directed to enter an order granting Barnes’ December 8, 2020 motion for discharge

from probation.

 Alok Ahuja, Judge
All concur.

 3 We recognize that circuit courts may choose to employ less coercive measures
than issuing arrest warrants or scheduling probation revocation hearings, in the hopes of
persuading probationers to cure violations of probation conditions, and securing their
future compliance. Such tactics may frequently result in positive behavioral changes, and
may be more effective than the threat of punitive measures like arrest and incarceration.
Terms of probation are finite, however. Under Missouri’s probation statutes as currently
written, a circuit court’s options narrow as the end of probation nears: the court must
affirmatively manifest its intention to conduct revocation proceedings, or else lose authority
entirely.

 8