

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI ex rel. JOHN E. JULIAN, | ) ) ) | |
| Relator, | ) ) | |
| vs. | ) ) | No. SD34068 |
| THE HONORABLE JUDGE MICHAEL HENDRICKSON, CIRCUIT JUDGE, 30TH JUDICIAL CIRCUIT, | ) ) ) ) ) | **Filed: November 24, 2015** |
| Respondent. | ) | |

ORIGINAL PROCEEDING IN PROHIBITION

**<u>PRELIMINARY WRIT MADE ABSOLUTE</u>**

John E. Julian ("Relator") brought a Petition for Writ of Prohibition against The Honorable Michael Hendrickson after Judge Hendrickson set a hearing for probation revocation approximately one year after his original five -year period of probation had expired. We entered a Preliminary Writ of Prohibition/Mandamus and now make the Writ permanent.

FACTS

April 10, 2009 - Relator is sentenced to seven years in Department of Corrections, Hickory Co.
- Sentence was suspended and Relator placed on probation for five years

July 6, 2009 - Relator sentenced to serve a term on unrelated charges, St. Clair Co.

1

July 27, 2009 - Relator sentenced to serve a term on other unrelated charges, Henry Co.

July 30, 2009 - Trial court makes docket entry ordering Hickory Co. probation suspended

October 10, 2014 - Court "reinstates" Relator's probation with notation that Relator "shall not receive credit against probation time for his period of suspension between 7/30/09 and 10/10/2014."

October 31, 2014 - Relator seeks "early release" from probation, no objection from State.

November 7, 2014 - Respondent denies the request for "early release" from probation.

April 27, 2015 - a violation report filed with court.

May 1, 2015- Motion to Revoke probation filed, amended on May 19, 2015.

May 7, 2015- Court issues a warrant, served on July 23, 2015, on Relator (while he was in prison)

August 3, 2015- Relator filed a Motion to Terminate Defendant's Probation and for Immediate Release.

August 7, 2015- Court denies the Motion

ANALYSIS

Relator contends he is entitled to an order prohibiting Respondent from conducting a hearing on the pending motion to revoke his probation because his probation expired on April 10, 2014, and during that time (1) no motion to revoke his probation was filed, (2) Respondent did not manifest any intent to hold a hearing regarding Relator's probation, and (3) Respondent made no effort to conduct a hearing on his probation. Respondent did not file a brief in response to Relator's brief. He did file an Answer to the Petition for Writ. In the Answer, he admitted the facts listed above; however, Respondent contended that the sentencing court had the authority on July 30, 2009, to order the suspension of Relator's probation and the subsequent reinstatement.

Both parties rely upon section 559.036.[1] The relevant parts of section 559.036, as set forth in 2009, were:

> 1. A term of probation commences on the day it is imposed. Multiple terms of Missouri probation, whether imposed at the same time or at different times, shall run concurrently. **Terms of probation shall also run concurrently with any federal or other state jail, prison, probation or parole term for another offense** to which the defendant is or becomes subject during the period, unless otherwise specified by the Missouri court.
>
> 2. The court may terminate a period of probation . . . . **The court may extend the term of the probation, but no more than one extension of any probation may be ordered except that the court may extend the term of probation by one additional year by order of the court if the defendant admits he or she has violated the conditions of probation or is found by the court to have violated the conditions of his or her probation. Total time on any probation term, including any extension shall not exceed the maximum term established in section 559.016.** Procedures for termination, discharge and extension may be established by rule of court.
>
>      . . . .
>
> 4. Probation shall not be revoked without giving the probationer notice and an opportunity to be heard . . . .
>
> 5. The prosecuting or circuit attorney may file a motion to revoke probation or at any time during the term of probation, the court may issue a notice to the probationer to appear to answer a charge of a violation, and the court may issue a warrant of arrest for the violation. Such notice shall be personally served upon the probationer. The warrant shall authorize the return of the probationer to the custody of the court or to any suitable detention facility designated by the court. **Upon the filing of the prosecutor or circuit attorney's motion or on the court's own motion, the court may immediately enter an order suspending the period of probation and may order a warrant for the defendant's arrest. The probation shall remain suspended until the court rules on the prosecutor or circuit attorney's motion, or until the court otherwise orders the probation reinstated.**
>
> 6. The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the

---

[1] All references to statutes are to RSMo Cum.Supp. 2005, unless otherwise indicated. We note that the current version of section 559.036 has a different numbering of subsections.

period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.

(Emphasis added.)

As noted above, probation commences on the date it was imposed. Section 559.036.1; *State ex rel. Whittenhall v. Conklin*, 294 S.W.3d 106, 109 (Mo.App. S.D. 2009). Probation runs concurrently with state prison terms. Section 559.036.1. A term of probation cannot exceed five years. Section 559.016.1(1). Any extension may not exceed the five-year maximum "plus one additional year if the defendant admits or the court finds that the defendant has violated the conditions of his or her probation." Section 559.016.3.

Section 559.036.5 provides that the court may enter an order suspending the period of probation and may order a warrant for the defendant's arrest, but only when as a consequence of an alleged violation of that probation. Here, Respondent relies upon this section as authority to suspend Relator's probation in 2009, thus, making the subsequent motion to revoke valid. Respondent, however, ignores the plain language and context of the statute that set a violation of probation as a precondition for such a suspension. In this case, there was no motion to revoke the Relator's probation or any allegation that Relator had committed a violation of the terms of probation pending at the time that his probation was suspended.

As noted, section 559.016.3 states, "[t]otal time on any probation term, including any extension, shall not exceed the maximum term as established in subsection 1 of this section [five years] plus one additional year if the defendant admits or the court finds that the defendant has violated the conditions of his or her probation." Section 559.016.3; *State ex rel. Dotson v. Holden*, 416 S.W.3d 821, 823 (Mo.App. S.D. 2013). Further,

4

section 559.036.6 provided the only exception that allows a trial court to extend its statutory authority and revoke probation. *Starry v. State*, 318 S.W.3d 780, 782-83 (Mo.App. W.D. 2010). Section 559.036.6 provided:

> The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.

No motion to revoke probation was brought within five years after Relator's probation had commenced. Even if we were to assume, without so finding, that the court had the authority to extend Relator's probation without a pending motion to revoke probation for an additional year, clearly Respondent violated the clear provision of section 559.036.6 regarding the conditions which must have been met and the total time of the probation term. There was no motion to revoke probation or an allegation of a probation violation brought within six years after probation was imposed. Respondent does not contend that it "provided that some affirmative manifestation of an intent to conduct a revocation hearing" occurred prior to the expiration of the period or that any reasonable effort was made to notify Relator and conduct a hearing prior to the expiration of the extended probation term. *See Stelljes v. State*, 72 S.W.3d 196 (Mo.App. W.D. 2002), *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798 (Mo. banc 2014), and *State ex rel. Dotson v. Holden*, 416 S.W.3d 821 (Mo.App. S.D. 2013). Because Respondent exceeded its statutory authority to act as intended when it revoked Relator's probation, our preliminary writ of prohibition/mandamus is made absolute.

Nancy Steffen Rahmeyer, J. - Opinion Author

Gary W. Lynch, J. - Concurs

William W. Francis, Jr., J. - Concurs