Patricia Breckenridge, judge
The state appeals from the motion court's judgment sustaining Richard Miller's Rule 29.15 motion for postconviction relief and vacating the revocation of his probation and imposition of sentences on two counts of involuntary manslaughter, under section 565.024, RSMo 2000. On appeal, the state claims the motion court clearly erred in finding the trial court was without authority to revoke Mr. Miller's probation and to sentence him because the record reflects every effort was made to conduct the revocation hearing prior to the expiration of his probation term. Because the record refutes Mr. Miller's claim the trial court failed to make every reasonable effort to hold his probation revocation hearing prior to the expiration of his probation term, the motion court clearly erred in granting Mr. Miller postconviction relief. The motion court's judgment is reversed.
Factual and Procedural Background
On December 25, 2004, Richard Miller was traveling southbound on a two-lane stretch of Highway 63 near Rolla. As Mr. Miller approached a bridge, he pulled into the northbound lane to pass a vehicle traveling the speed limit. After he passed the car, Mr. Miller continued traveling south in the northbound lane, even as he entered a no-passing zone and "blind curve" approaching the bridge. As he crossed the bridge, he struck a northbound vehicle head-on. The couple riding in that vehicle were killed as a result of the collision.
Mr. Miller was charged with two counts of involuntary manslaughter in the first degree, and, on September 15, 2007, a jury found him guilty as charged. On August *17 29, 2007, the trial court suspended imposition of sentence and placed Mr. Miller on probation for a term of five years.
On June 26, 2012, the state filed a motion to revoke Mr. Miller's probation asserting he violated his probation by committing the class A misdemeanors of being in possession of an imitation controlled substance and drug paraphernalia. Mr. Miller's probation revocation hearing was initially set for a hearing on August 8, 2012. On August 3, a public defender entered his appearance in the case. At the August 8 hearing, the appointed public defender announced his office had a conflict with representing Mr. Miller, and the trial court continued the hearing to August 23. Thereafter, he withdrew, and, on August 14, a second public defender entered his appearance as counsel for Mr. Miller.
On August 23, 2012, the probation revocation hearing was continued to October 3. A memorandum filed with the trial court stated: "Case reset for Probation Violation Hearing on October 3, 2012 @ 9 am. Defendant is ordered to appear."[1] The memorandum was signed by an assistant prosecuting attorney, Mr. Miller's counsel, and the trial court. Mr. Miller's term of probation expired August 28, and he received a letter advising he had been discharged from supervision by the board of probation and parole.
On October 3, Mr. Miller and his counsel appeared for the probation revocation hearing. The hearing was continued, on the state's motion and without objection from Mr. Miller, and reset for December 5, 2012. A memorandum was filed memorializing the appearances and continuance signed by the assistant prosecuting attorney, Mr. Miller's counsel, and the trial court. On October 19, 2012, the state filed an amended motion to revoke Mr. Miller's probation, alleging two additional probation violations. In the amended motion, the state alleged, in 2008, Mr. Miller was found guilty of domestic assault in the third degree, and, in 2009, he was found guilty of driving with a revoked license.
Mr. Miller's probation revocation hearing was ultimately held on December 5, 2012. During the hearing, Mr. Miller orally moved for dismissal on the ground the trial court no longer had statutory authority to revoke his probation because his probation term had expired. The trial court addressed whether it retained authority to hear the matter despite the expiration of his probation term:
THE COURT: There was a question about whether or not there was a necessity for a suspension. We looked up some case law, and it states that there must be a clear manifestation of an intention to revoke. The motion to revoke did that. And, secondly, that there was an attempt to get the matter set, reasonable efforts made to get it resolved prior to the expiration of five years.
I went back through the file. This matter has been set at least once, if not twice. Was continued by agreement *18 without objection past the date-and specifically to today.
So, first of all, do the attorneys agree that that's what's transpired up to this point?
[THE STATE]: The State so stipulates, your Honor.
THE COURT: [Mr. Miller's counsel]?
[MILLER'S COUNSEL]: Yes, your Honor.
THE COURT: The oral motion to dismiss filed in these proceedings earlier this morning then is denied. I'm of the opinion that the State's manifest and clear intent, reasonable efforts were made. It passed the five years by agreement of [Mr. Miller]; therefore, this Court has not lost jurisdiction.
The revocation hearing continued, and Mr. Miller admitted to the trial court he violated his probation by being found guilty of three misdemeanors-driving while revoked, domestic assault in the third degree, and possession of drug paraphernalia. The state presented impact testimony from the family of the two victims killed in the head-on collision. The trial court then found Mr. Miller had violated his probation. Thereafter, on February 3, 2013, the trial court revoked Mr. Miller's probation and sentenced him to five years' imprisonment on each count, to be served consecutively.
Mr. Miller's convictions were affirmed on appeal. State v. Miller , 448 S.W.3d 331 (Mo. App. 2014). Mr. Miller then filed a timely Rule 29.15 motion for postconviction relief, which included a claim the trial court did not have authority[2] to revoke his probation after the expiration of his probation term.
An evidentiary hearing was held to determine whether the trial court's authority to revoke Mr. Miller's probation was extended by section 559.036[3] beyond the expiration of his probation term because the trial court made "every reasonable effort" to hold a revocation hearing before his probation expired. At the hearing, the state and Mr. Miller's counsel presented "evidence of a timeline by stipulation." Regarding the continuance of the August 23, 2012 probation revocation hearing, it was stipulated by the state and Mr. Miller's counsel that, "At that time, by agreement of the parties, the case was re-set to ... October 3, 2012, for hearing on the motion." Both parties further stipulated: "On October 3, the case was again continued by agreement to December 5, 2012." Both parties also stipulated that, at the December 5, 2012 hearing, counsel for Mr. Miller moved that the case be dismissed because his probation expired August 28, which the trial court overruled.
At the end of the recital of the stipulations, counsel for Mr. Miller advised the motion court that Mr. Miller "maintains that he did not agree to the-whatever [his counsel in the revocation proceedings] may have done that he did not agree to any continuances of the hearing." The state did *19 not present any evidence. Mr. Miller testified as follows:
Initially, when the continuances, the first two continuances that were-were done prior to the expiration of my probation-by process of law, the-my [counsel], he did do a verbal objection on both of those occasions and argued to the court that-that I was about to be-you know, my probations was about to expire.
On both occasions, the prosecutor's office-or the prosecutor himself had argued that they had maintained jurisdiction to do a revocation after expiration by satisfying one of the two conditions of 559.036.8 and without regard to the-to the third-third portion of the second condition of-which case law, you know, will show that-that it needs to be conducted prior to-prior to the expiration if-you know, if they appear-or if the defendant appears.
So that-that was the main issue, was that he did make objection and there was-it was just a verbal argument. There wasn't any research done at-at that point.
At the request of Mr. Miller's counsel, the motion court took judicial notice of the entire court file in the underlying criminal case, including the transcript of the December 5, 2012 probation revocation hearing. After the hearing, Mr. Miller's counsel filed suggestions in support of his postconviction motion.
In those suggestions, Mr. Miller's postconviction counsel stated, "On August 23, [Mr. Miller's second public defender] asked for a continuance without consultation with Defendant and without objection by the State of Missouri." Without referencing this admission-that Mr. Miller's probation revocation counsel requested the continuance on August 23-his counsel went on to argue the trial court lost authority to take action on the motion to revoke Mr. Miller's probation when it continued the case past the expiration of Mr. Miller's probation without objection by the state.
The motion court sustained Mr. Miller's motion for postconviction relief. In its judgment, the motion court made only two findings directly related to whether the trial court made every reasonable effort to hold the revocation hearing during Mr. Miller's probation term. The motion court found the hearing on August 8 was continued to August 23 "due to the entry of conflict counsel" for Mr. Miller. It also found:
The August 23, 20[12] hearing was reset by signed memorandum of said date to October 3, 2012. This document is signed by counsel for the Movant and counsel for the Respondent and does not indicate which party, if either, requested said continuance nor does it indicate the reason for the continuance.
In its conclusions of law, the motion court held, "The record does not support a finding that the second prong of the test [in section 559.036 ] is satisfied in that there is no indication in the record for the reason for the continuance of the revocation hearing from its August 23, 20[12] date." The motion court then held the trial court was without authority to revoke Mr. Miller's probation and to sentence him after the expiration of his term of probation, vacated Mr. Miller's sentences vacated, and ordered that he be released from custody.
The state appealed. After opinion by the court of appeals, this Court ordered the cause transferred. Mo. Const. art. V, sec. 10.
Standard of Review
This Court reviews a motion court's ruling on a Rule 29.15 postconviction *20 motion for the limited determination of whether the findings of fact and conclusions of law are clearly erroneous. Meiners v. State , 540 S.W.3d 832, 836 (Mo. banc 2018) (citing Rule 29.15(k) ). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves this Court "with a definite and firm impression that a mistake has been made." Id.
Discussion
The state claims the motion court clearly erred in holding the trial court did not have authority to revoke Mr. Miller's probation because the record supports a finding that the trial court made every effort to revoke Mr. Miller's probation prior to his probation term expiring, as required by section 559.036.[4] In particular, the state asserts the motion court's finding that "there is no indication in the record for the reason for the continuance from its August 23, 20[12] date" is clearly erroneous because the record shows Mr. Miller's counsel agreed to the continuance of his probation beyond the expiration of his term.
Section 559.036.8 governs the trial court's authority to revoke probation. Under section 559.036.8, the trial court has authority to revoke probation throughout the term of probation and beyond the expiration of the term of probation when certain conditions are met. Strauser , 416 S.W.3d at 801. Section 559.036.8 provides:
The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.
Pursuant to section 559.036.8, there must first be an "affirmative manifestation of an intent to conduct a revocation hearing" before the end of the period. The statute further requires the trial court to make "every reasonable effort ... to notify the probationer and to conduct the hearing prior to the expiration of the period." Id. Unless both requirements are satisfied, the trial court loses the authority to revoke probation beyond the expiration of its term. Strauser , 416 S.W.3d at 801.
Here, the trial court manifested its intent to conduct the probation revocation hearing before the term expired by setting the probation revocation hearing for August 8, 2012, and notifying Mr. Miller. Mr. Miller did not challenge in his postconviction motion that the trial court complied with the first requirement that there be an affirmative manifestation of an intent to *21 conduct a revocation hearing before the end of his probation or that he received notice of that intent.
Rather, his claim the trial court lacked authority to revoke his probation was that the trial court did not make every reasonable effort to conduct the probation revocation hearing before the term of his probation expired August 28, 2012. The motion court found this claim was meritorious because the memorandum signed by the prosecutor, Mr. Miller's counsel, and the trial court on August 23, 2012, "[did] not indicate which party, if either, requested said continuance nor [did] it indicate the reason for the continuance."
While the record may support the motion court's finding that the August 23, 2012 memorandum of continuance was ambiguous as to the reason for the continuance, review of the entire record of the proceedings in the underlying criminal case and Mr. Miller's postconviction proceeding refutes Mr. Miller's claim that the trial court did not make every reasonable effort to conduct the revocation hearing before his probation expired. Instead, it shows Mr. Miller agreed to the continuance on August 23, 2012.
At his December 5, 2012 probation revocation hearing, counsel for Mr. Miller stipulated the probation revocation hearing was continued beyond his probationary term "by agreement, without objection. " (Emphasis added.). Again, at the outset of the postconviction evidentiary hearing, counsel for Mr. Miller stipulated the matter had been continued on August 23, 2012, "by agreement." Additionally, in suggestions in support of his motion to vacate, Mr. Miller's counsel stated that, at the August 23 hearing, Mr. Miller's counsel "asked for a continuance without consultation with [Mr. Miller]." In sum, the record, including the stipulations by Mr. Miller, refutes his claims that the record is silent as to the reason for the continuances and that the trial court "unilaterally" reset his probation revocation hearing. "[A] stipulation of counsel, deliberately wrought and then given effect, binds not only the client but - as the orderly administration of justice demands -- is given credit by a court of review." State v. Johnson , 714 S.W.2d 752, 765 (Mo.App. 1986). While Mr. Miller testified contrary to the stipulations, he is bound by them. In light of the record, this Court is left with a definite and firm impression a mistake has been made. In particular, the motion court clearly erred in finding the record did not support a finding the trial court made every effort to hold a hearing prior to the expiration of Mr. Miller's probation because "there is no indication in the record for the reason for the continuance of the revocation hearing from its August 23, 20[12] date."
Although Mr. Miller asserted in the motion court that his counsel did not consult with him before agreeing to the continuances on August 23 and October 3, 2012, and did not have his consent to continue the revocation hearings, that fact, even if true, does not aid him. A party is bound by the actions of the party's counsel, with a few exceptions not relevant to the issues in this case. Worthington v. State , 166 S.W.3d 566, 578-79 (Mo. banc 2005). Any agreement by his counsel to continue the hearing on the motion to revoke his probation beyond the expiration of his term of probation binds Mr. Miller. State v. Holmes , 428 S.W.2d 571, 572 (Mo. 1968).
Additionally, Mr. Miller appears to argue that, even if his counsel agreed to continue his revocation hearing beyond the expiration of the term of his probation, the trial court still lost authority to revoke his probation because the trial court must make every reasonable effort to hold the hearing prior to the expiration of probation without regard to the actions of the defendant. In support of his argument, Mr. *22 Miller cites Strauser , in which this Court held the trial court has the duty under section 559.036 to hold the revocation hearing within the term of probation and a defendant does not have a "duty to ensure the trial court ruled on the pending revocation motions." 416 S.W.3d at 803. Strauser , however, is distinguishable.
In Strauser , two defendants sought writs of prohibition to prevent the trial court from holding revocation hearings after their probation terms had ended. Id. at 799. In making the preliminary writs permanent, this Court expressly found the records did not indicate the defendants agreed to the continuances. Id. at 803.
Unlike the defendants in Strauser , Mr. Miller affirmatively agreed to continue the revocation hearing scheduled for August 23 to October 3, 2012. Section 559.036.8 allows the trial court to extend its authority beyond the probationary term "for any further period which is reasonably necessary for the adjudication of matters arising before its expiration," but only if the trial court makes "every reasonable effort" to conduct the revocation hearing within the probationary term. (Emphasis added.). The plain language of the statute does not preclude the trial court from continuing the matter beyond the expiration date when it is does so by agreement of the parties.
Moreover, it is "axiomatic that a defendant may not take advantage of self-invited error or error of his own making." Wilson v. P.B. Patel, M.D., P.C. , 517 S.W.3d 520, 525 (Mo. banc 2017) ; State v. Shockley , 410 S.W.3d 179, 202 (Mo. banc 2013). Mr. Miller cannot agree to a continuance and then claim error when the trial court continued the revocation hearing beyond the expiration of his probation. See Suber v. State , 516 S.W.3d 386, 391 (Mo. App. 2017). Accordingly, the motion court clearly erred in sustaining Mr. Miller's motion for postconviction relief.
Conclusion
The motion court's finding that the record did not indicate the reason for the continuance of the revocation hearing to a date beyond the end of Mr. Miller's probationary term is refuted by the record. Instead, the record shows Mr. Miller's counsel agreed to a continuance of the revocation proceedings beyond the expiration of his probation term, and Mr. Miller is bound by his counsel's actions. The statutory requirement in section 559.036.8 that a trial court make every reasonable effort to hold the revocation hearing during the probationary period to retain authority to revoke probation is not violated when the trial court continues a hearing past the expiration date with the defendant's consent. The trial court had authority to revoke Mr. Miller's probation at the hearing on December 5, 2012. The motion court's judgment is reversed.
All concur.

The state filed a motion to supplement the legal file. Mr. Miller did not object. The supplemental legal file contains memoranda from the August 23 and October 3 continuances as well as Mr. Miller's suggestions in support of his motion to vacate filed with the motion court. This Court sustains the state's motion to file a supplemental legal file. While it is true a "party may not supplement the record on appeal with documents never presented to the trial court," State v. Tokar , 918 S.W.2d 753, 762 (Mo. banc 1996), the supplemental legal file in this case consists of documents properly before the motion court.
Mr. Miller filed a motion to strike the state's substitute brief asserting the brief altered the basis of the claims raised in the state's brief in the court of appeals. This Court overrules Mr. Miller's motion to strike the state's substitute brief.

Mr. Miller's pro se motion incorrectly classified the trial court's authority as "jurisdiction." The claim is properly characterized as asserting the trial court exceeded its statutory "authority," and that term will be used in this opinion. State ex rel. Strauser v. Martinez , 416 S.W.3d 798, 800 n.1 (Mo. banc 2014) (citing J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249, 254 (Mo. banc 2009) ).

All statutory references are to RSMo Supp. 2012, unless otherwise noted. Section 559.036 has been amended since Mr. Miller was placed on probation; however, the relevant language has not changed. Before the amendment, the relevant language was in 559.036.6. See section 559.036.6, RSMo 2000. Section 559.036.8 was the provision in effect when the court held the revocation hearing; therefore, that section applies.

The state raises an additional claim of error in its brief: Mr. Miller's postconviction claim the trial court lacked authority to revoke his probation is procedurally barred because it should have been raised on direct appeal. This claim of error, however, was not made in the state's brief filed in the court of appeals. A party "shall not alter the basis of any claim that was raised in the court of appeals brief." Rule 83.08(b). Claims not raised in the court of appeals are not preserved for this Court to review. J.A.R. v. D.G.R. , 426 S.W.3d 624, 629 (Mo. banc 2014).
Additionally, contrary to the arguments made by the state, this Court has held generally, appellate review is not available for claims of error in the revocation of probation. State ex rel. Poucher v. Vincent , 258 S.W.3d 62, 64 (Mo. banc 2008) ; see also State v. Burnett , 72 S.W.3d 212, 215 (Mo. App. 2002) (stating a direct appeal from a probation revocation may be permissible to challenge subject matter jurisdiction). Instead, an extraordinary writ is generally the proper avenue for reviewing a probation revocation. Poucher , 258 S.W.3d at 64-65.