

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI ex rel.　　)
JOANNA WRINKLE,　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　Relator,　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　)　　　　No. SD38419
　　　　　　　　　　　　　　　)
THE HONORABLE DAVID COLE,　　)　　　**Filed:　September 12, 2024**
CIRCUIT JUDGE,　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　Respondent.　　　　　　)

ORIGINAL PROCEEDING IN PROHIBITION

**<u>PRELIMINARY WRIT OF PROHIBITION MADE PERMANENT</u>**

Joanna Wrinkle ("Wrinkle") seeks a writ of prohibition ordering the circuit court to discharge her from probation. She contends the circuit court failed to meet the statutory requirements in order to retain authority to act after Wrinkle's probation terminated on February 5, 2024, thereby exceeding its authority to take any action regarding Wrinkle's probation other than discharge. Section 559.036.8.[1] Wrinkle specifically asserts the circuit court (1) failed to manifest an intent to revoke Wrinkle's probation prior to the expiration of her probationary period and (2) failed to make every reasonable effort to notify Wrinkle and to conduct a revocation hearing prior to the

---

[1] RSMo. Cum. Supp. 2023.

1

expiration of her probationary period, both of which are required by statute in order for the circuit court to retain authority after a probationary period terminates. Section 559.036.8; *Miller v. State*, 558 S.W.3d 15, 20 (Mo. banc 2018). This Court holds the circuit court failed to make every reasonable effort to notify Wrinkle and conduct a hearing prior to the expiration of Wrinkle's probationary period. The preliminary writ in prohibition is made permanent, and the circuit court is directed to discharge Wrinkle from probation.

### Factual History and Procedural Background

On March 10, 2015, Wrinkle entered an *Alford*[2] plea of guilty to the class C felony of stealing and the class C felony of forgery. *See* sections 570.030 and 570.090.1(1).[3] The circuit court sentenced Wrinkle granting her a suspended imposition of sentence, and placed Wrinkle on supervised probation for a term of five years.

On May 19, 2016, the Board of Probation and Parole with the Missouri Department of Corrections ("Probation and Parole") filed its first probation violation report in this case. The circuit court ordered a probation violation hearing to be scheduled for June 14, 2016, and notice of the hearing was sent to Wrinkle on May 25, 2016. Wrinkle appeared in person at the June 14, 2016 hearing. The hearing was continued twice to allow Wrinkle additional time to complete her community service.

---

[2] *See North Carolina v. Alford*, 400 U.S. 25, 91 (1970).

[3] All references to section 570.030 and 570.090 are to RSMo. Cum. Supp. 2013, including changes to section 570.030 effective October 11, 2013.

When Wrinkle failed to appear at an October 12, 2016 probation violation hearing, a warrant was issued.[4] Probation and Parole filed additional probation violation reports dated November 18, 2016 and February 27, 2017, and the circuit court suspended Wrinkle's probation. Wrinkle was arrested on November 1, 2017. Probation and Parole filed another probation violation report dated November 7, 2017, and the circuit court set a probation violation hearing for November 9, 2017; the hearing was continued twice, first to November 21, 2017, and then to December 11, 2017. At the December 11, 2017 hearing, the circuit court set the matter for a "full evidentiary hearing" on February 6, 2018. At that hearing, the circuit court revoked Wrinkle's probation and sentenced Wrinkle to five years' imprisonment in the Missouri Department of Corrections, but suspended execution of that sentence and placed Wrinkle on a second term of probation for five years.

On February 4, 2022, four years after Wrinkle's second term of probation began but still within her five-year probationary term, Probation and Parole filed another probation violation report. The circuit court found probable cause to believe Wrinkle had violated the conditions of her probation and set a probation violation hearing for March 15, 2022:

> Order
> 02/07/22 Court reviews Field Violation Report dated 01/25/22, received 02/07/22, and finds probable cause to believe Defendant has violated conditions of probation. Probation Violation Hearing set for 03/15/22 at 9:00 a.m. Prosecuting Attorney to notify Defendant of hearing, conditions allegedly violated, and evidence in general terms. Court reviews file in regard to the pending allegations of probation violation and finds that due

---

[4] The docket entry for the October 12, 2016 probation violation hearing notes that Wrinkle called the court to advise that she was trying to find a ride to the hearing, but as of 11:30 a.m. she had not yet found one.

process includes the right to counsel. Clerk to provide copy of Order to Defendant, Prosecuting Attorney, and Probation & Parole. SO ORDERED. /s/ David A. Cole

There is no docket entry reflecting that the prosecuting attorney or the clerk notified Wrinkle of the March 15, 2022 hearing or that a copy of the Order was sent to Wrinkle. The March 15, 2022 probation violation hearing was rescheduled to April 12, 2022. Wrinkle was sent notice April 5, 2022. The April 12, 2022 hearing and subsequent hearings were continued until a probation violation hearing was ultimately held on January 10, 2023. At that hearing, the circuit court determined Wrinkle violated the terms of her probation and extended Wrinkle's probation by one year. Because of the one-year extension, Wrinkle's second term of probation was then set to expire on February 6, 2024.

On November 22, 2023, Probation and Parole filed another probation violation report listing numerous new probation violations. On December 5, 2023, the circuit court made a docket entry suspending Wrinkle's probation and setting a probation violation hearing for January 9, 2024, before Wrinkle's probationary term was set to expire. It stated verbatim:

> Order for Prob Suspension
> 12/05/23 Court reviews Field Violation Report dated 11/22/23, received 12/05/23. Defendant's probation is hereby suspended. Case remains set for Probation Violation hearing set on 01/09/23[5] at 9:00 a.m. Clerk to provide copy of Order to Defendant, Prosecuting Attorney, and Probation & Parole. SO ORDERED. /s/ David A. Cole
> Filed By: DAVID ALLEN COLE
> Notc Change of Address Filed
> UPDATED FROM FVR

---

[5] The docket entry lists the hearing date as January 9, 2023. The docket entry was made December 5, 2023. Obviously, this is a typographical error and was intended to read January 9, 2024.

Probation Information Rpt File
FCSR 11-22-23; Electronic Filing Certificate of Service. REPORT EMAILED TO JUDGE COLE
Probation Violation Filed
VR 11-22-23; Electronic Filing Certificate of Service. REPORT EMAILED TO JUDGE COLE.

There is no documentation or notation in the record that the court clerk, or anyone else, sent Wrinkle notice of the circuit court's Order that her probation was suspended or that a probation violation hearing was set for January 9, 2024. Wrinkle asserts she did not receive notice of the suspension or hearing. Wrinkle failed to appear for the January 9, 2024 hearing.

On January 9, 2024, the circuit court continued or rescheduled the probation violation hearing to February 14, 2024, eight days after Wrinkle's probation expired. A "Notice of New Court Date" was sent to Wrinkle on January 9, 2024, advising her of the February 14, 2024 hearing date.[6] A docket entry reflects that Wrinkle must appear February 14, 2024, or a "warrant will issue."

01/09/2024
Notice of Court Hearing Sent
Probation Viol Hrng Scheduled

Associated Entries: 02/14/2024 -
Hearing Continued/Rescheduled
+
Scheduled For: 02/14/2024; 9:00 AM; DAVID ALLEN COLE; Lawrence
Hearing Held
DEFENDANT MUST APPEAR OR WARRANT WILL ISSUE

---

[6] The docket does not reflect that anyone was ordered to provide notice to Wrinkle; however, counsel for Wrinkle entered his appearance before the February 14, 2024 hearing, on February 1, 2024. The record on appeal does contain a Notice of New Court Date for February 14, 2024, signed by the clerk, but it is not date file stamped.

On February 1, 2024, counsel entered his appearance on Wrinkle's behalf. On February 12, 2024, Wrinkle filed a Motion to Discharge from Probation for Lack of Jurisdiction, claiming her probation expired on February 5, 2024,[7] and requesting that the court order her discharged from probation.

On February 14, 2024, at the probation violation hearing, the circuit court denied Wrinkle's Motion to Discharge and "Continued/Rescheduled" the probation violation hearing to March 12, 2024, for a "full evidentiary hearing[.]"

On February 23, 2024, Wrinkle filed a Preliminary Writ of Prohibition with this Court asking us to order the circuit court to discharge her from probation. This Court issued its Preliminary Writ of Prohibition on March 5, 2024.

## Discussion

### Standard of Review

This Court has jurisdiction to issue original remedial writs pursuant to article V, section 4.1 of the Missouri Constitution. "[P]rohibition is an extraordinary remedy which should only be employed in unequivocal cases[.]" ***State ex rel. Bailey v. Sengheiser***, 692 S.W.3d 20, 22 (Mo. banc 2024) (quoting ***State ex rel. Twiehaus v. Adolf***, 706 S.W.2d 443, 446 (Mo. banc 1986)). An appellate court has jurisdiction to issue a writ of prohibition to:

---

[7] Wrinkle's motion asserts that on February 6, 2018, Wrinkle received a second term of probation for five years, which was extended for one year on January 10, 2023. Wrinkle further asserts her probation ended February 5, 2024, but by our calculations Wrinkle's probation expired on February 6, 2024. Ultimately, given the facts of this case, whether Wrinkle's probation expired on February 5, 2024, as she claims, or on February 6, 2024, as our calculations show, is of no consequence.

(1) prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or when (3) a party may suffer irreparable harm if relief is not granted.

*State ex rel. Jones v. Eighmy*, 572 S.W.3d 503, 506 (Mo. banc 2019) (quoting *State ex rel. Merrell v. Carter*, 518 S.W.3d 798, 799 (Mo. banc 2017)). Writ relief is appropriate if a circuit court has lost jurisdiction to hold a probation hearing after the expiration of a probationary period. *Id.*

*Analysis*

The terms of probation and a circuit court's authority to revoke a term of probation are governed by statute. Section 559.036. "A term of probation commences on the day it is imposed." Section 559.036.1. If a defendant violates the terms of his or her probation at any time prior to its expiration or termination, the circuit court may extend, modify, enlarge, or revoke the probation. Sections 559.036.2, 559.036.3, and 559.036.5. A circuit court's authority to revoke probation extends only through the duration of the probationary term. Section 559.036.8. "Once the probationary term expires, the circuit court retains no authority over a probationer, 'for any purpose, whether to cite him [or her] for probation violations, revoke probation, or order execution of the sentence previously imposed.'" *State ex rel. Zimmerman v. Dolan*, 514 S.W.3d 603, 608 (Mo. banc 2017) (quoting *State ex rel. Stimel v. White*, 373 S.W.3d 481, 485 (Mo. App. S.D. 2012)).

A circuit court's authority to revoke a term of probation, however, may extend "for any further period which is reasonably necessary for the adjudication of matters arising" before the expiration or termination of probation if certain requirements are met. Section 559.036.8. For a circuit court's authority to extend beyond the expiration or

7

termination of a period of probation, there must be (1) an "affirmative manifestation of an intent to conduct a revocation hearing" and (2) "every reasonable effort [by the court] to notify the probationer and to conduct the hearing prior to the expiration of the period." *Miller*, 558 S.W.3d at 20 (quoting section 559.036.8).

> The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.

Section 559.036.8.

Unless both statutory requirements are met, the circuit court loses authority to revoke probation beyond the expiration or termination of its term. *Miller*, 558 S.W.3d at 20.

Affirmative Manifestation of Intent

First, we must determine whether the circuit court made an "affirmative manifestation of an intent to conduct a revocation hearing[.]" *Johnson v. State*, 655 S.W.3d 617, 622-23 (Mo. App. S.D. 2022) (quoting section 559.036.8). Caselaw demonstrates "there is no clear cut, bright line rule as to what an affirmative manifestation of intent to conduct a revocation hearing" must entail. *Stimel*, 373 S.W.3d at 484 (holding no manifestation of intent to hold a revocation hearing occurred where prosecuting attorney filed his motion to revoke almost two weeks after relator's probationary period expired and the trial court's docket entry set the matter for "probation review" two days after relator's probationary period was set to elapse when there "has to be something in addition to the docket entry such as the issuance of a

warrant, the filing of a motion to revoke probation, the scheduling of a revocation hearing or some other similar affirmative manifestation of an intent to hold a revocation hearing"); *see* ***State ex re. Bailey v. Hilton***, 675 S.W.3d 644, 649-50 (Mo. App. E.D. 2023) (holding the probation court manifested its intent to conduct a probation revocation hearing when it held a hearing and suspended probationer's probation less than two weeks before his probationary term was to expire but set the probation revocation hearing less than two months out after his probation expired without objection by probationer and probationer did not present any other reasonable efforts the court should have taken to ensure the revocation proceedings occurred within the week and a half between its manifestation of intent to revoke probation and the expiration of the probationary term); *but see* ***State ex rel. Barnes v. Pilley***, 624 S.W.3d 372, 376-77 (Mo. App. W.D. 2021) (determining circuit court suspending probation prior to probationary period expiring, but not scheduling a probation status hearing until after term of probation was set to expire, was insufficient to manifest an intention to conduct a probation revocation hearing); ***Johnson***, 655 S.W.3d at 623 (holding sufficient affirmative manifestation of intent to conduct a probation revocation hearing existed where the probationer failed to appear at a scheduled hearing which resulted in the court suspending probation and issuing a capias warrant prior to the movant's earned discharged date but not scheduling or holding a revocation hearing until probationer was captured and arrested - which was after the probationary term had expired).

The duration of Wrinkle's extended probationary term was set to expire February 6, 2024.  Probation and Parole filed a probation violation report in the case on December 5, 2023.  That same day, on December 5, 2023, the circuit court entered its Order by

docket entry suspending Wrinkle's probation and setting a probation violation hearing[8] for January 9, 2024, approximately one month prior to the expiration of Wrinkle's probationary term. This Court determines this evidence demonstrates the circuit court made an "affirmative manifestation of intent to conduct a revocation hearing" before Wrinkle's probation expired on February 6, 2024.

Reasonable Effort

Next, we must determine whether the circuit court made "every reasonable effort . . . to notify the probationer and to conduct the hearing prior to the expiration of the period." **Johnson**, 655 S.W.3d at 623 (quoting section 559.036.8). This determination is not made based on whether there are "unreasonable delays" in holding the revocation hearing, but whether the circuit court made "every reasonable effort" to conduct a hearing prior to the expiration of the probationary period. **Timberlake v. State**, 419 S.W.3d 224, 230 (Mo. App. S.D. 2014) (internal quotations and citation omitted). The determination of what efforts are "reasonable" depends on the circumstances of each case. **State ex rel. Jones v. Eighmy**, 572 S.W.3d at 509; *see also* **State ex rel. Amorine v. Parker**, 490 S.W.3d 372, 376 (Mo. banc 2016) (holding that scheduling a probation revocation for after the set expiration of probation, even though a review hearing was

---

[8] This Court determines the circuit court's reference to hearings as a "probation violation hearing" as opposed to a probation revocation hearing is not determinative of the circuit court's manifestation of intent to hold a probation revocation hearing. The circuit court referenced each and every hearing it held regarding Wrinkle's probation violations throughout the pendency of this case as a "probation violation hearing" even when it revoked Wrinkle's probation. These facts demonstrate the circuit court treated its "probation violation hearings" as potential probation revocation hearings and evidence Wrinkle's implied knowledge that each scheduled hearing could be treated as a revocation hearing.

10

held prior to expiration, was a failure to make every reasonable effort to notify the defendant and hold the hearing before probation ended); *Timberlake*, 419 S.W.3d at 230 (holding that scheduling a hearing after a probation term expires is not a "reasonable effort to conduct the hearing" within the term of probation). A probationer is not required to prove prejudice or an inordinate amount of delay in order for there to be a determination that the circuit court failed to make "every reasonable effort . . . to notify the probationer and to conduct the hearing prior to the expiration of the period." *State ex rel. Zimmerman*, 514 S.W.3d at 608.

Here, after receiving the probation violation report on December 4, 2023, the circuit court made the following docket entry:

> Order for Prob Suspension
> 12/05/23 Court reviews Field Violation Report dated 11/22/23, received 12/05/23. Defendant's probation is hereby suspended. Case remains set for Probation Violation hearing set on 01/09/2[4] at 9:00 a.m. Clerk to provide copy of Order to Defendant, Prosecuting Attorney, and Probation & Parole. SO ORDERED. /s/ David A. Cole
> Filed By: DAVID ALLEN COLE
> Notc Change of Address Filed
> UPDATED FROM FVR
> Probation Information Rpt File
> FCSR 11-22-23; Electronic Filing Certificate of Service. REPORT EMAILED TO JUDGE COLE
> Probation Violation Filed
> VR 11-22-23; Electronic Filing Certificate of Service. REPORT EMAILED TO JUDGE COLE.

There is no documentation or notation in the record that the court clerk, or anyone else, sent Wrinkle notice of the circuit court's Order suspending her probation and setting a probation violation hearing for January 9, 2024. Wrinkle failed to appear for the January 9, 2024 hearing. Wrinkle claims she did not receive notice of the circuit court's December 4, 2023 Order.

11

When Wrinkle did not appear at the January 9, 2024 probation violation hearing, the circuit court "Continued/Rescheduled" that hearing to February 14, 2024, eight days after her probationary term expired. The January 9, 2024 docket entry reflects that a "Notice of Court Hearing" was sent to Wrinkle and that Wrinkle must appear at the February 14, 2024 probation violation hearing or a "warrant will issue." At that time, the State had not filed a motion to revoke Wrinkle's probation and the circuit court did not issue a warrant for Wrinkle.

Although the circuit court made an "affirmative manifestation of an intent to conduct a revocation hearing" and attempted to hold a probation violation hearing prior to the termination of Wrinkle's probationary period, it failed to make "every reasonable effort to notify the probationer and to conduct the hearing prior to the expiration of the period." It was only after the circuit court failed to provide notice to Wrinkle of the January 9, 2024 hearing and Wrinkle failed to appear that the circuit court rescheduled the probation violation hearing to over a month later on February 14, 2024, eight days *after* her probation expired. The circuit court never issued a warrant for Wrinkle to bring her before the court before her probationary term ended after she failed to appear at the January 9, 2024 hearing. Presumably, that is because, as the record reflects, Wrinkle was never given notice of the circuit court's December 5, 2023 Order suspending her probation and setting a probation violation hearing on January 9, 2024. The only notice she was sent was of the circuit court's January 9, 2024 Order setting a probation violation hearing to occur on February 14, 2024, after her probation expired and over five weeks after the circuit court realized she never received proper notice of the January 9, 2024 hearing. We cannot conclude that setting a probation violation hearing before Wrinkle's

12

probation expired but failing to send Wrinkle notice of the circuit court's Order setting the January 9, 2024 probation violation hearing constitutes "every reasonable effort" to notify her *and* "conduct the hearing prior to the expiration of the period."  The court clerk did notify Wrinkle of the February 14, 2024 hearing scheduled after her term of probation was set to expire, but at that point it was too late.  The circuit court failed to make every reasonable effort to notify Wrinkle and "conduct a probation revocation hearing within the term of probation," as required by section 559.036.8.

**Conclusion**

This Court determines that the circuit court made an "affirmative manifestation of intent to conduct a revocation hearing" before Wrinkle's probation expired on February 6, 2024, but it failed to make "every reasonable effort to notify the probationer and to conduct the hearing prior to the expiration of the period."  Because Wrinkle's probationary term expired on February 6, 2024, the circuit court retained no authority over Wrinkle, "for any purpose, whether to cite . . . [her] for probation violations, revoke probation, or order execution of the sentence previously imposed."  *State ex rel. Zimmerman*, 514 S.W.3d at 608 (quoting *State ex rel. Stimel*, 373 S.W.3d at 485).  The circuit court lacks statutory authority to hold any hearing or take any action other than to discharge Wrinkle from probation.  This Court's preliminary writ of prohibition is made permanent and the circuit court is directed to discharge Wrinkle from probation.

JENNIFER R. GROWCOCK, C.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS